ROANE, Judge.
The bond stated in the declaration, is, (as it appears in the declaration itself,) a mere common bond from one set of individuals to another, and it purports a right in the plaintiffs to have and receive the money thereby acknowledged to be due. The word Successors in the Teneri of the bond, as stated in the declaration, must either be considered as superfluous (in which case, the character of the bond, as before supposed, will not be varied;) or, at most, will only import that the bond was given to the obligees in some corporate character. But, whether for their own use, or that of others ? Whether to them as Justices, or in any other corporate character ? And what kind of official bond it is ? is wholly uncertain.
As administration bonds arc for the use of others, and are specifically designated and provided for by law; it follows, that when such a bond is sued upon, and is to be exhibited as evidence, it ought clearly to appear from the declaration, that the bond declared on, is in its character an administration bond. And, it ought not, on the contrary, to be inferrable from the declaration, that it is a mere *306 private bond, (or at most an official bond of some kind, but wkat kind uncertain,) which is the ground of the action.
An official bond, when the ground of an action, ought to be laid in the declaration to have been made to the obligee, in his official character. This doctrine is laid down in case of Symes v. Oakes, 2 Stra. 893, with respect to an action on a Sheriff’s bond; and, is supposed to be, independent of authority, a principle almost self-evident.
I hold it also to be a clear general principle of law, that the declaration should manifest in what right the plaintiff sues. In Canning v. Davis, 4 Burr. 2417, an action qui tarn was brought; and, it was insisted on for a variance, that the writ was qui tarn, and the declaration in his own right, omitting the qui tarn part. • The Court held the variance fatal, because the declaration omitted the right in which he sued; but, seem to think that the converse would have been otherwise: And in The Weavers’ Company v. Forrest, 2 Stra. 1232, the bill of Middlesex was to answer The Weavers’ Company, but the declaration was qui tarn; the Court held it right and no variance': it not being usual' to insert in the bill, as it is in the declaration, in what right the plaintiff sues; as in the case of executors and administrators, where the process is only to answer A. B. &e.
These two cases seem to shew, that however it may be with the process antecedent to the declaration, yet that the declaration itself should shew, in what right it is that the plaintiff sues; and, I hold it to be a principle equally eleai’,' that a plaintiff suing, - without setting out another right, shall be taken to sue in his own individual character, and for his own benefit.
With respect to the case mentioned at the bar, of a decision here, in which it was held not to be necessary for an executor to style himself, I am not acquainted with it; but, apprehend, upon examination, it will be found, that in that instance, it was not necessary for him to claim as executor: or, that if it was, it appeared from the declaration at large, however irregularly expressed, that he sued in his character of executor.
If, then, it be necessary for the plaintiff to state the right under which he claims in the declaration, and he has only stated a bond purporting to be to himself individually, and for his own benefit,-or at most some vague and indefinite official bond or bonds to a corporation, but of what kind is uncertain, shall a bond which is clearly a legal ad *307 ministration bond, given to Justices and importing a right, not in the obligees, but, through them, in others, be given in evidence to support the declaration as above stated ? That clearly would be to support an action in an individual right, by producing in evidence an official bond, inuring to the use of others; when, by possibility, there may yet be in existence a private bond, corresponding with that stated in the declaration. My own opinion, indeed, is, that this is by no means probable; but, that opinion must not lead me to remove land-marks; which, in other cases, may produce infinite uncertainty and injustice.
The reason why, a bond, dated in the East Indies, will not support a declaration, stating a bond made at London, although according in dates and other cii’cumstances is, that it does not appear to be the same bond, which is declai’ed on; it being the constant practice to compare the declaration with the bond produced. [Buller’s N. P. 169;] 1 Esp. Dig. 211, [Robert v. Harnage, 2 Ld. Ray. 1043, 1 Salk. 659.] But, this reason will hold with increased force, when the right imported by the one and the other are different.
Thus the case stands on the declaration, and the comparison is to be made between the bond as described in the declaration, and of which the plaintiff makes a.proferí, and that offei’ed in evidence.
The plea of' the defendant admits such a bond as that stated; but, does not preclude hixxi from objecting to the production of any bond, which does not in substance, correspond with the plaintiff’s statement.
How, then, does it stand upon the replication ? I will not say (but on this I give no opinion) that the replication, so far as it tends to explain any proposition contained in the declaration, may not be x’esorted to as explanatory of the declaration for the pux’pose of over-ruling the objection of variance; but, the replication in this case, is utterly silent as to the bond being given to the plaintiffs as Justices; and, indeed, if it was not so, that would be a material distinct member of its description, not contained in the declaration, nor necessarily growing out of it.
The replication, indeed, states a breach of certain stipulations, which are usually contained in administration bonds; but, it does not necessarily follow, from thence, that the bond stated in the declaration was given to the Justices, under the act of Assembly; ox*, that it was not a private bond; for, such a bond may be given with conditions simi *308 lar to those required by the act of Assembly; and, if bro-^£enj may sued by the obligee, for his own use.
The case of Peter v. Cocke, 1 Wash. 257, may be supposed to have an influence on the case. The declaration there, stated a bond to the plaintiff, and that offered in evidence was made to the plaintiff, on account of Glenn & Peter, merchdnts of Glasgow. After a plea, without oyer prayed, an objection was taken on account of the variance; and the District Court sustained the objection. But, that opinion was over-ruled here; because, it was unnecessary to state in the declaration the use or consideration for which the bond was given; and, if it had been stated, it would have been mere surplusage. It was deemed • mere surplusage, because it was wholly immaterial between the parties, with respect to the right of the plaintiff to recover; and only operated subsequently as a memorandum. Besides, the defendant, as appears from his plea, was apprised of the identical bond; and prepared to meet it. For, his plea not only admits the bond stated, but that the one produced is the same. That case, though, is certainly less strong than the one at bar; where, from any thing appearing in the declaration or even in the replication, the bond stated imports a right in the plaintiffs to recover the money and receive it to their own use; whilst the one shewn £n evidence, which is not admitted by the plaintiff to be the same, uses their names, it is true, but with an addition which refers to the laws of the country; shewing clearly the right of recovery, under it, to be vested in others; and, that the same plaintiffs can, by no possibility, recover on it for themselves, even at law, or receive a shilling of money arising from it.
The result of my opinion on this point is, that we can- ■ not get over the objection of the variance, without breaking through those rules, which, for the best reasons, have been established with respect to a substantial correspondence between the deed declared on and that shewn in evidence. *
This precludes the necessity of my saying any thing to the sufficiency of the breaches assigned, though they at present appear to me far too vague and general; or with *309 respect to the variance, between the bond declared on and that shewn in evidence, relative to the county in which they are respectively said to be dated; except, that it is not shewn in the latter, that it was dated in Amherst; but, only certified by the Clerk that it was acknowledged there; and, therefore, I think, the principles laid down in Roberts v. Harnage, 2 Ld. Ray. 1043, will probably not apply to this case.
The plaintiffs, when the bond was over-ruled by the District Court, not having offered any other bond which might conform to the declaration, nor suffered a non-suit, nor taken any measure to amend their declaration, but staking their defence on being released from the verdict and judgment which was rendered against them, upon the chance of reversing the judgment of the District Court, which rejected the bond; and that judgment being in my opinion right, it must stand in force against them. But, as my opinion, as well as that of the District Court, goes upon the insufficiency of the declaration, with relation to the bond offered in evidence; and, as that bond has never been submitted to a jury, nor been the ground, of any verdict one way or other, as far as appears to us in the present cause, I do suppose that that judgment will not bar any party injured, from recovering upon the bond in a proper action. At any rate, I do not see how I can, with propriety, avoid affirming the judgment of the District Court.
FLEMING, Judge.
There is a clear variance between the bond stated in the declaration and that offered in evidence. It is usual to assign the breaches in the declaration; and when that is not done, they should be stated with such precision in the replication, as that the bond may be plainly identified; and this, with a view to create a bar to any future action for the same thing, by the judgment in the first: Which has not been attended to in the present case; since it does not appear that the plaintiffs were Justices, or who were the legatees, or what persons were claimants. In short, there is nothing in the record from whence we can clearly, infer for ivhose benefit the suit is brought. But, the whole is left in a state of uncertainty, and, therefore, I think the District Court did right in rejecting the testimony.
My first impressions were, that we might relieve the appellants in some measure, by awarding a repleader. But, on reflection, I think we cannot; it is precisely within the *310 decision of Smith v. Walker, 1 Wash. 136; in which, the ^our(: refused to award a repleader, because of the defects in the declaration. * That case seems to me to settle this, as to the part of it which I am now considering; and, therefore, I am for affirming the judgment.
CARRINGTON, Judge.
I concur in opinion with the two Judges who have preceded me, that there is a fatal variance between the' bond produced, which is an official bond, and the declaration which purports to be founded on a private bond; and, therefore, that the evidence was properly rejected.
I should, however, have been willing to have awarded a repleader, and enabled the parties to have brought their cause to a hearing upon the merits, if I could have done it upon any principle of practice. But, the whole pleadings are too faulty. The breaches are assigned with so much uncertainty, that they afford no evidence of any right in the plaintiffs to sue upon the bond produced; and, therefore, could not be made the proper foundation of a judgment, without totally changing the whole complexion and nature of the suit: A latitude, which the Court ought not, and I believe never has taken: On the contrary, the case of Smith v. Walker, 1 Wash. 136, is a direct authority against it; and completely decides the question as to this part of the case. To which I may add, that the case of Chichester v. Vass, in this Court, ante 83, was totally reversed upon similar grounds; that is to say, that the plain-, tiff having failed to set out his claim with the precision necessary to shew that he was entitled to recover, the Court would not send the parties to another trial upon other pleadings; when it did not appear, from any thing in the record, that the plaintiff had any title to the money, which the evidence produced referred to: so that the principle has been uniformly maintained; and I see no reason to depart from it in the present case, where the declaration is founded on a private bond, without stating that the suit is brought by them as Justices, or any thing else to shew that the bond produced is the foundation of the suit.
If the Court were to reverse the judgment, it must be with costs; and thus the plaintiffs, who were guilty of the fault, would be allowed to redress it at the costs of their adversaries; which never could be right. Whereas, if the *311 judgment be affirmed, no inconvenience will follow; cause the plaintiffs may commence a new action; to which, this judgment, as it was rendered without the evidence in consequence of the bad pleading, will not form any bar. That course, therefore, is best; especially as it will tend to produce more certainty and prevent a loose kind of practice, which has been gaining too much ground throughout the country. I am, therefore, for affirming the judgment.
PENDLETON, President.
I differ with the other Judges in some respects; and, although the differences are not very great, yet, as it regards some points of practice, it may not be unimportant to mention my reasons for it. The declaration pursues the common form, declaring on the bond and claiming the penalty. The condition is not always disclosed in the declaration, but is introduced into the subsequent proceedings; which are to discover for whose benefit the suit is brought; that being sometimes omitted in the declaration.
The plaintiff, in this case, annexes the breaches to his declaration; very imperfectly indeed; but, it gives notice to the defendant on what bond he was sued; to wit, that given for his administration of Wade’s estate, and for what claim the suit was brought; that is, to recover money which the defendant had been decreed to pay to the legatees of Wade.
The defendant does not demand oyer of the bond and condition, so as to introduce the latter; but, takes upon himself a knowledge of both, and pleads performance of the condition, on which the plaintiffs take issue, referring, I suppose, to the breaches before assigned; as their allegations denied by the plea make up the whole issue in the cause: Avery blundering proceeding indeed.
The plaintiffs, at common law, were not obliged to produce the bond at the trial, it being admitted by the plea; and, on a verdict that the condition had not been performed, judgment was to be entered for the whole penalty: but, our act of Assembly, declaring that such judgments shall be discharged by the payment of damages and costs, has made it necessary to produce these bonds at the trial; although oyer of them is not demanded. *
On this trial, a bond is produced, agreeing with that in *312 the declaration in date and penalty, obligors and obligees: aní^ w^h a condition corresponding with that disclosed in the breaches and plea; where alone, the condition of the k°nd declared on, is to be sought for. This bond was rejected by the Court; because the bond produced is payable to the plaintiffs, Justices of the County Court of dLmherst; which description of the plaintiffs is omitted in the declaration. To this opinion, an exception is taken, and a verdict and judgment having been given for the defendant, anappeal is entered to this Court.
The opinion of the Court is what is excepted to, and appealed from; and we cannot decide its propriety, independent of other errorsappearing in the record: Which ought not to affect a decision on this question, however proper for consideration, upon a discussion of what ought to be done by this Court, in consequence of a reversal of this opinion; although, that might amount to a decision of the plaintiff’s suit, the effect of such a dismission being very different from a judgment upon a general verdict for the defendant. But, be that as it may, if we think the opinion wrong, I conceive it would be very improper.so sanctify it by a general affirmance: and thus establish a precedent to be applied to other cases, in which such errors may not occur.
In support of the opinion of the District Court, it is now argued, that for want of this description, the bond produced does-not agree with that in the declaration; the one being payable to the plaintiffs in their public character; and the other to them, as individuals in their private capacities: Which makes a material variance; and, therefore, it was not admissible in evidence.
It is possible, indeed, that the same obligors might, on the same day, give two bonds in the same penalty, to the same obligees; one in their private, and the other ip their public character; but the supposition is very improbable: However, let it be made; in such a case, the private bond would scarcely be taken, to them, their heirs and successors, as the bond in the declaration is described to be; but, what is more conclusive with me is, that such private bond would not, nor possibly could have a condition for the faithful administration of Wade’s estate, as the condition of the bond declared on, is described to be in the breaches assigned, and is admitted to be by tbe'plea. It strikes me, that no man, who views this record throughout, can doubt but that the bond produced, is the same with that declared on: Which shews that the omission of the description is not material; *313 and should not have prevented the admission of the bond offered in evidence.
Suppose the breaches had been properly assigned, and the damages claimed for the benefit of certain persons legatees of PFade, and the issue regularly joined; the bond admitted as evidence; and a verdict for the plaintiff, assessing damages. In that case, the Clerk would and ought to enter judgment for the plaintiffs, as in the declaration, without naming them Justices, for the penalty of the bond, to be discharged by the payment of the damages and costs to those legatees; with such future damages to them or others, as might afterwards be assessed. Would this Court have reversed the judgment, because the plaintiffs were not named Justices? or would such a judgment have been subject to the control of the plaintiffs, and introduce the inconveniencies pointed out by Mr. Call? I can only say, that, in my opinion, neither effect would have been produced.
The authorities cited, do not appear to me to apply; but, some cases decided in this Court, seem pretty strong against the opinion of the District Court; particularly that of Peter v. Cocke, 1 Wash. 257: where the variance appears to have been more important than that contended for in the present case. The bond, produced in evidence, was payable to the plaintiff, for and on account of Messrs. Glynn & Peter, merchants in Glasgow; the declaration stated the debt as due to himself, without mentioning for whose use: This variance was made an objection to the admission of the bond in evidence, at the trial of the cause; and the objection was sustained by the Court; the plaintiffs filed an exception, however, to the opinion of the Court, and, a verdict and judgment being given for the defendant, the plaintiff appealed. Judge Lyons delivered the opinion of this Court, that the objection could not be sustained, upon any principle; that it was unnecessary to state in the declaration, the use, or consideration for which the bond was given; and if it had been stated, that it would have been mere surplusage.
This authority accords with the opinion I formed upon principle; namely, that the opinion of the District Court against the admission of the bond was erroneous; and, that the verdict and judgment given in consequence of it, ought to be reversed.
The usual entry in consequence of that reversal, would be, to direct a new trial, in which the evidence should be *314 admitted. But, on a view of the whole record, such a tria^ woul<i be vain to every purpose, but trouble and expense; since the plaintiff could never recover, upon these proceedings. The Court will, therefore, not pursue that ordinary method; and I was led to consider of the proper mode which might produce a trial upon the real merits.
The plea of conditions performed and the general replication, independently considered, made no proper issue between the parties; and if the breaches are to be incorporated into the replication to supply that defect, those breaches are insufficiently-stated (for want of expressing the. amount of the decree and for whose benefit the suit is brought, instead of the general description of legatees of Wade,) and cannot aid the replication. So that here is either no issue at all, or an immaterial one, joined between the parties, and a repleader must be the ultimate effect: Which being discovered before trial, may, and ought to be awarded now, in order to avoid the expense of a useless trial.
' My opinion therefore is, that the judgment ought to be reversed for the erroneous opinion; the verdict and judgment set aside, with all the proceedings from the declaration; that the plaintiffs being guilty of the first fault, ought to pay all costs in the District Court subsequent to the filing of the declaration, which the plaintiffs might have leave to amend, by inserting after the names of the plaintiffs the words Justices of the County Court of Amherst, in order to remove all future doubt; the defendant to plead thereto de novo; and further proceedings to be had therein,' '
In Smith v. Walker, 1 Wash. [135,] the Court appear to have inclined to the opinion I have just expressed; but, there being no good pleading at all in that case, they were obliged to award a total reversal.
Upon the whole, I am for reversing the judgment, and entering one according to the principles just now mentioned; but, there being a majority of the Court in favor of the judgment, it must be affirmed.
Judgment affirmed.

[* One of the rules essential to the general administration of justice is, that in all actions on special agreements or written contracts, the contract given in evidence must correspond with that stated in the declaration.’ Sheely v. Mandeville, 7 Cranch, 217; Cooke, v. Graham's adm’r. 3 Cranch, 229.]

[* See Hord's ex'x. v. Dishman,2 H. & M. 603; Hill v. Harvey, 2 Munf. 525, note (1) 526; and Green v. Bailey, 5 Munf. 246, 251.]

[* Tis necessary, under the statutory regulations of Virginia, to produce in evidence the bond declared on; though oyer of it be not demanded. Which, when produced, must correspond with that set out in the de« claration. See 1 Munf. 491 e] .