TUCKRR, Judge.
This was an action brought in April 1795, upon an executor’s bond, dated in 1776, nominally against the executor and his securities, upon the suggestion of a devastavit: But the suit abated as to the executor and two of the securities by the return, that those defendants were not inhabitants of Caroline county. The, breach assigned, in the body of the declaration, is the non-payment of the penalty of the bond. The defendant Stewart pleaded that he had performed the conditions of the bond. The breaches of the condition, assigned at the foot, or on the back of the declaration, were, that James Garnett, the executor, had not paid to Henry Gatewood, in right of his wife Delphia, the sums of ¿56, and ^j28, with interest, from the 15th of May, 1794 ; and to James Garnett, son of Earkin Garnett, deceased, ^147, with like interest, pursuant to a decree of the county court of Caroline, made at May court 1794.
Upon the trial of the cause, the defendant moved the court to instruct the jury, “that unless the plaintiffs proved that they had first sued the executor, and ascertained, by a judgment or decree, his debt, as well as that the executor had committed a devastavit, they should find for the defendant. But the court were of opinion, that it was not necessary for the plaintiffs to prove a devastavit; though it was necessary to shew a judgment or decree against the executor; and directed the jury accordingly.” Whereupon the de- . fendant tendered his bill of exceptions, which was allowed ; and the plaintiff had a verdict and judgment. Upon an appeal to the district court, the judgment was reversed, with-, out any direction, as to a new trial, or repleader.
The present plaintiffs, who were also plaintiffs in the county court, contend, 1. That the district court erred in *opinion upon the instruction given by the county court. 2. That that judgment was correct in every other respect.
As to the first point: The counsel for the plaintiffs expressed a hope that the court would revise the opinion of the special court of appeals in the case of Braxton, ex’or of Claiborn v. Winslow, &c. surviving Justices of Spotsylvania, 1 Wash. 33 ; and also the obiter opinions delivered in respect to that case, by the judges of this court, in the case of Call v. Ruffin, 1 Call, 333. I have done so; and have also been•favoured with the perusal of a manuscript report of the former case, [4 Call, 308,] by which I find the concurrent opinion of all the judges to be, that it is not enough to shew a judgment or de-. cree against an executor as such, in order to entitle the party recovering such judgment, or decree, to maintain a suit upon the executor’s bond; but that he must also shew, that he has pursued the estate of the testator, by suing out an execution ; and that either no estate, or not sufficient has been found to satisfy that judgment. Of the accuracy of this report, I can entertain no doubt; and of the soundness of the opinion so delivered, I have also the most complete conviction. Could I have supposed it otherwise, the case of Erving and others v. Peters, 3 Term Rep. 685, and that of Rock v. Leighton, there reported in page 688, from a manuscript of lord chief justice Holt, must have convinced me that I was mistaken.
But what is the opinion and instruction of the justices of Caroline county court? Directly the reverse, as to this point. They tell the jury that, if the plaintiff shews you a judgment, or decree, for his debt, it is not necessary that he should prove a devastavit. Now what is proof of a devastavit ? A judgment against the executor for a_ debt of his testator, to be paid out of the assets in his hands to be administered; followed by an execution against the estate in the hands of the executor, with a return thereon that no goods, or not sufficient to satisfy the plaintiff’s debt,- can be found. Eor so it is laid down by chief justice Holt in the case of Rock v. Leighton, 3 T. Rep. 692, who says, that, *if the executor will not expose the assets to sale, the sheriff may return a devastavit, if, upon plene ad-ministravit pleaded, it has been found that he has assets ; or, if by not pleading that plea, the executor has admitted assets. Such admission being as good as the finding of a jury upon plene administravit pleaded.
But another question occurs in this cáse, viz: Whether the district court ought not to have awarded a new trial ? Although not much disposed to be critical where justice *1037 does not require it, I think it is necessary in this case : which is a suit brought against the security of an executor nearly twenty years after the bond was given. The breach is very loosely assigned. The plea is a nullity. The exhibits, which the clerk certifies were produced at the trial, are such as ought not to have been admitted to go in evidence to the jury, in this suit against the security. One of the sums decreed to be paid to the testator’s widow, viz : £28, is expressly stated, to be one third part of the profits of the land in the bill mentioned, in which she was entitled to dower. Could the security be supposed liable for such a debt, accruing possibly by the executor’s acting as guardian to the heir, in whose favour there is also a decree for other two thirds ? I notice this only for the purpose of remarking, that I am of opinion, that the same strictness is required in assigning the breaches upon an executor’s bond for a dev-astavit, as there is in a declaration upon a devastavit at common law : And the exhibits, here certified, may serve to warn others against the danger to the securities of executors upon suits of this nature. Cabell v. Hardwick, 1 Call, 345 ; Avery v. Hoole, Cowp. 825.
I said that the plea was a nullity ; for it is, that the security hath performed the conditions of the bond. There was nothing for him to perform : He is liable for the nonperformance of the executor. The plea is immaterial in its present form; and I will not, for the purposes of injustice, understand it otherwise than I find it. The declaration being also bad, no repleader ought to be awarded. I am therefore for affirming the judgment.
FlEMING Judge.
To charge the securities to an administration bond, there must be a previous judgment against the executor, and proper proceedings after-wards to establish a devastavit. The shewing of a judgment, or decree, only, is not enough ; for that fixes the debt, but not the waste : which should be ascertained by an execution, and return of nulla bona, or process of contempt. The county court erred, therefore, in their instructions to the jury. The question then is, what ought to have been the judgment of the district court ? The declaration is well enough after verdict; for it sets forth the bond, the decree for the legacies, the non-payment of them, and that the executor had not performed the conditions of the bond. Which was sufficient to let in the enquiry as to the devastavit; and it was not important, whether the assignment was incorporated into the body of the declaration, or made at the foot of it, as the act of assembly gives no direction upon that subject. Then it is not the case of a want of title ; but that of a good title defectively set forth in point of form only : and consequently cured by the statute of amendments. I am, therefore, of opinion, that both judgments should be reversed, and a new trial awarded, with an instruction, that the plaintiffs should be required to prove a devastavit in the manner prescribed bylaw.
CARRINGTON, Judge.
The county court misdirected the jury ; and therefore the reversal was certainly right. But the question is, Whether it should have been in toto, or partially only. The declaration is insufficient ; for there is no averment of assets, nor of an execution with nulla bona returned, or other allegation of waste. So that it is not the case of a title defectively set forth ; but no title at all is shewn ; and therefore it is not within the statute of jeofails. Cowp. 825 ; 1 Call, 83. A repleader, then, would be of no use, as a verdict would not sustain the declaration : and therefore I am for affirming the judgment of the district court.
*LYONS President.
A previous judgment against the executor, in order to fix the debt, and be the foundation for future proceedings to establish the devasta-vit, is certainly necessary : and it is equally necessary, that it should appear upon the trial of the suit upon the administration bond, that such proceedings had been had, and that a devastavit, had been committed. We all concur, therefore, that the county court misdirected the jury ; but we differ, in some respects, as to the pleadings, and the judgment which ought now to be entered. The breaches may be assigned either in the body of the declaration, or at the foot of it; and substantial assignment is sufficient after verdict. Which appears to me to have been done upon the present occasion. Ror the bond is set forth ; a decree for the legacies stated; the non-payment of them, and aeon-sequent breach of the bond, by the executor, averred. Which was unquestionably broad enough to let in the evidence of the devas-tavit ; which, after a general verdict, without some exception appearing in the record, the court would presume was proved, because it would be “a matter, without proving which, the jury ought not, in the language of the act of assembly, to have given such verdict.” It is, therefore, not the want of a title in the plaintiffs ; but a defective setting forth of a good title ; and, consequently, cu^ed by the statute. I concur, therefore, with judge Fleming, that both judgments ought to be reversed ; and a new trial awarded, with an instruction that the plaintiffs should be required to prove a devastavit in the manner prescribed by law. But as the judges are equally divided as to this point, the entry is to be as follows :
“The court, on mature consideration of the transcript of the record of the judgment aforesaid, and of the arguments of counsel, being divided in opinion, pursuant to the act of assembly in such case made and provided, it is considered that the judgment of the district court be affirmed, and that the defendant recover against Henry Gatewood, the prosecutor of this suit, the costs as well by him, as by his testator, about their de-fence in this behalf expended.”