Judge Caer
delivered his opinion.
The instrument, which is the foundation of this action, is a single bill under seal, by which F. V. Sutton promises to pay to W. Sutton, or order, six months after date, negotiable and payable at the Farmers’ Bank of Virginia, the sum of $3000. There are several endorsers, and a joint action of debt is brought against the obligor and endorsers. A demurrer to the declaration was put in, and sustained by the Court below. The simple question presented is, can this action be sustained ?
Upon general principles, there could not be the doubt of a moment. The contracts of the obligor, and the different endorsers, are several, distinct, and of different grades. The obligor has bound himself by a sealed instrument; the endorsers, by their hands merely. The defence cannot be the same.
But, we have an Act of Assembly, which authorises the holder of a foreign bill of exchange protested, to commence and prosecute an action of debt, for principal, damages, in *255 terest, and charges of protest, against the drawers and endorsers, jointly, or against either of them separately; and we have another Act, saying-that notes made negotiable and payable at the Virginia and Farmers’ Banks, shall be placed on the footing of foreign bills of exchange; and as this obligation is made negotiable and payable at the Farmers’ Bank, it has been supposed, I presume, that this authorised the joint action. The conclusion to which I have come in this mátter, differs loto coelo from this. The Act says, that notes made negotiable, &c. shall be on the footing of bills of exchange. This is not a note, but a specialty; differing in dignity, in the mode of defence, indeed, in all the legal consequences, flowing from it. It is a general rule, that these new remedies, innovating upon the settled doctrines of the common law, shall be taken strictly. But, the most liberal and latitudinous construction, it seems to me, could not extend the Act of Assembly to the case before us. I am clear that the judgment be affirmed.
Judges Green and Coalter concurred, and the judgment was affirmed.*