Per curiam.

The appellant’s object in the court below, and his only object, was, unquestionably, delay; his conduct can be ascribed to no other motive. And, considering the time at which he tendered his pleas, when it was in the sound discretion of the court, to admit them, if necessary to the justice of the case, or to reject them if they were not issuable, or if they were obviously designed to produce em *475 barrassment or delav, the court, under the circumstances, by which delay manifestly appeared to be intended, did right to resort to the rigour of the rule, and to reject them all. Downman v. Downman, 1 Wash. 27. It is clear from Nadenbousch v. M’Rea, that the replications did not of themselves make up the issue. In Petrie v. Fitzroy, which was an action of debt on a bond, there was a pica and replication, and there being no rejoinder, the plaintiff took judgment by default, as for want of a plea, not of a rejoinder: And the question, in effect, was, whether upon the failure of the defendant to rejoin, the plaintiff had a right to strike out the proceedings already entered, and to sign judgment. It was argued, that here was a plea, and then a replication, and that a subsequent default in not answering the replication, could not destroy the plea so previously put in. But the court said, “ The master says, that, in such cases, it is the practice to strike out all the pleadings; and, in truth, if the defendant do not rejoin, it is considered as an abandonment of the plea.” And so the practice is now settled: Bury v. Bishop, 1 Wms. Saund. 318. Tidd’s Prac. 439. Archbold’s Prac. 126. In the case before us, the court advised the parly either to make up the issues by adding the similiter to the replications, or to demur to them; he would do neither. The judgment is to be affirmed.