MONCURE, J.
The appellant complains that the judgment of the Court below was erroneously entered against him in his own right; instead of being entered against him as executor of John G. Crouch. I think the judgment was rightly entered, de bonis propriis. An executor may bind himself personally to pay the debt of his testator. But to make him liable the common law requires that the promise shall be on sufficient consideration; and the statute requires that it shall be in writing. The promise in this case is in writing, and the requisition of the ' statute is therefore satisfied. Was there a sufficient consideration to support the promise, according to the requisition of the common law? Under our statute an action of debt may be brought upon a note in writing; and in such action it need not be averred or proved that there was any consideration for the note. Peasley v. Boatwright, 2 Eeigh 195. The note itself imports consideration, as does a bond; the only difference being, that in the case of a bond the consideration cannot be enquired into, but in the case of a note it may. The defendant in this case, therefore, might have defended himself on the ground of want of consideration; and, if he had sustained such a defence by proof, would have defeated the action. Having made no such defence, the judgment was rightly rendered against him for the amount of the note. Assets in the hands of the executor, constitute a sufficient consideration for a promise by him to pay the debt of his testator. So does forbearance to sue, &c. In an *action against an executor personally on a promissory note given by him for a debt of his testator, the defendant may shew an insufficiency of assets to pay the debt; and if the plaintiff cannot shew that there was other sufficient consideration for the promise, he must fait in his action: In this way the defendant can sustain no injury. If there be any other consideration for the promise than a sufficiency of assets, then it is consistent alike with justice and the intention of the parties that the executor should be^personally liable for the debt. If the consideration depends upon the sufficiency of assets, the executor has the same defence in an action against him personally as he would have in an action against him as executor.
In this case, there is not only a promise in writing by the executor; which in an action of debt upon it imports a sufficient consideration; and there is not only an absence of any evidence of want of consideration, which is necessary to defeat such an action on such a promise; but the note itself furnishes express evidence of sufficient consideration. It furnishes evidence of a sufficiency of assets. It contains a promise to pay “on demand.” In the language of Dallas, C. J., in Childs v. Monins, &c., 6 Eng. C. E. R. 201, suppose a demand had been made immediately; does not the executor by subjecting himself to such a demand admit he has assets to satisfy it. If he meant to limit his liability why did he not add to the words as executor, the words out of the estate of John G. Crouch? It also furnishes evidence of forbearance. It contains a promise to pay interest on the debt; which in the language of the same Judge in the same case, “necessarily imports a payment at a future day; and an executor promising to pay a debt at a future day makes the debt his own.” The case thus far is parallel with that of Childs v. Monins just referred to; in which it was unanimously decided by the Court of common pleas *that “a promissory note by which the makers as executors jointly and severally promise to pay on demand, with interest, renders them personally liable.” But the note in this case furnishes affirmative evidence of other consideration, which was not furnished by the note in that; and which renders it more reasonable that the executor should be personally liable. It shews that the plaintiff having á joint claim against Thomas, Richard and John G. Crouch, “surrendered it on each paying to her his proper proportion.” Instead - of payment in money of the proper proportion of’ John G. Crouch, his executor, the defendant, executed the promissory note in question, promising to pay it on demand, with interest. The joint claim against the three debtors was thus extinguished. The original obligation of the testator for the' whole claim was discharged ; and in lieu thereof a new security was taken from the executor for the payment of his testator’s proportion on demand, with interest. Was not this surrender of the original claim, this extinguishment of a joint debt of three, a sufficient consideration for a promise by the executor of one of them to pay one third of the amount of the debt? The original debt may have been a debt of higher dignity against the testator’s estate than the note would be. It may have been due by judgment or bond. At all events it was a joint debt of three. Would the plaintiff have surrendered such a debt without being assured of the certain payment of the different proportions of the parties? Would she have taken a security for the proportion of one of them which might embarrass her with a future enquiry as to the sufficiency of assets? Her subsequent conduct proves that she reposed with confidence on the promise of the defendant to pay his testator’s proportion with inter *121 est, on demand. She waited more than four years before she made the demand. Would she have so waived if the demand had been against a decedent’s estate? In the language *of the same Judge whose language I have before quoted, ‘ ‘ if executors were not liable on such a promise, they would be enabled by making such a promise to defraud any individual among their testator’s creditors.” The case of Childs v. Monins was cited with approbation by Chief Justice Sharkey in delivering the opinion of the Court in Sims v. Stilwell, 3 How. Miss. R. 176. See also Bradly v. Heath, 3 Simons 543, 5 Cond. Eng. Ch. R. 241; Bank of Troy v. Topping, 9 Wend. R. 273.
The note in this case being a good cause of action against the executor personally, the declaration is sufficient to charge him personally, though it complains of him “as executor,” and charges the promise to have been made by him as such. “Where the nature of the debt is such as necessarily to make the defendant liable personally, the judgment will be de bonis propriis, although he be charged as promising as executor.” 2 Wms. on Ex’ors 1096. The naming the defendant executor in the declaration in such case is surplusage. Id. 1101. In this case not only is the nature of the debt such as to charge the executor personally, but it would seem from the declaration that it was intended thereby so to charge him. The words ‘ ‘as executor of John G. Crouch,” seem to have been used therein as matter of description. The declaration is in the debet and detinet. And the breach is charged against the “defendant,” without any addition to that term.
But suppose the judgment ought to have been de bonis testatoris, would it be proper to reverse the judgment on that account? I think not. The judgment in the case was an office judgment, which not having been set aside, became, by operation of law, a judgment of the succeeding term. In such a case the only entries usually made after the declaration is filed and before the execution issues, are two short entries in the rule book, one in the words “common order,” and the *other, “common order confirmed.” These entries are identical, whether the suit be against the defendant in his own right, or en autre droit. The execution is issued upon the judgment as if it had been rightly entered in full. The clerk afterwards at bis leisure enters a formal judgment in the case in a book kept for the purpose. The error, if any, in running out these short entries into form when the record is made up, is nothing but a clerical error, the correction of which belongs to the Court whose officer committed it. The remedy is by motion to that Court, and not by appeal to this. Eubank v. Rail’s ex’or, 4 Leigh 308; Shelton’s ex’ors v. Welsh’s adm’rs, 7 Leigh 175; Digges’ ex’or v. Dunn’s ex’or, 1 Munf. 56. I am for affirming the judgment.
DANIEL, J., concurred in the opinion of Moncure, J.
BALDWIN, J., thought the judgment of the Circuit court ought to have been de bonis testatoris; but that the error was a clerical misprision which should have been corrected in the Court below; and therefore that the appeal ought to be dismissed.