DANIEE, J.,
concurred in opinion with Eee, J., that the writing set out in the-declaration was a valid and binding obligation, upon which debt would lie against-Davis for the net balance therein stated: but he concurred with Samuels, J., in the-opinion that the declaration was defective-in not averring that there were no errors in the statement.
The following is the judgment of the court:
It seems to the court here, that the Circuit court erred in holding that the bond whereof the defendant in error made profert: *63 in her declaration, and which is made part of the record by oyer, was a bond for the payment of one thousand one hundred and thirty-seven dollars and thirty-live cents, neither more nor less. It further seems to the court here, that as the bond, in terms, reserved to the parties thereto the right to correct errors in the statement incorporated in the bond, the bond should be held to bind the obligor for so much money as might be found due after correcting all errors in the statement. That the defendant in error should have averred in her declaration that no error existed in the bond, if she sought to ^recover the sum above mentioned; or, if she sought to re-, cover more or less, she should have averred such errors in the bond as would sustain her demand. Thus it seems to the court that the Circuit court erred in overruling the demurrer of the plaintiffs in error. Therefore it is considered that the said judgment he reversed and annulled, and that the plaintiffs in error recover of the defendant in error their costs in this court expended. And it is ordered that the jury’s verdict be set aside and the cause remanded, with directions to sustain the demurrer, unless the defendant in error shall amend her declaration by inserting an averment that no error existed in the bond, if she shall insist on recovering the principal sum of one thousand one hundred and thirty-seven dollars and thirty-five cents ; or, if she shall insist on recovering more or less than that sum by inserting averments to sustain her demand; and that the plaintiffs in error be permitted to file a plea or pleas alleging specific errors in the bond affecting the amount due thereon, and any other proper pleas to the action.
THE ACTION OF DEBT.
I. In General.
II. When Debt Lies.
A. Simple Contracts.
B. Bonds.
C. Judgments.
D. On Statutes.
E. Partially Sealed Contracts.
III. When Deht Does Not Lie.
A. In General.
13. Bonds Not Payable in Money.
IV. The Pleadings.
A. The Declaration.
1. In General.
2. The Debt.
3. The Breach.
4. The Averments.
5. The Damages.
B. The Pleas.
1. In General.
2. Evidence under.
3. In Bar.
4. Nil Debet.
5. Non Est Factnm.
6. Payment.
7. Of Fraud.
C. The Replication.
V. The Verdict.
A. When Valid.
B. When Defective.
VI. The Judgment.
A. When Sufficient.
B. When Insufficient.
I. IN GENERAL.
The Action of Debt. — The action of deht is designed, to recover a specific sum of money due by contract, sealed or unsealed, verbal or written, express or implied, where the amount is either ascertained, or from the nature of the demand is capable of being ascertained, whether due on legal liabilities (as penalties denounced by statute), on simple contracts, on specialties (or„obligations under seal), on records (as recognizances, judgments, etc.), or otherwise. [3 Bl. Com. 154, 155; 1 Chit. PI. 123 et sea. ; 3 Rob. Pr. (2d Ed.) 370 et sea.U 4 Min. Inst. (3rd Ed.) 549. See also, Va. Code 1887 §§ 2852, 2853, and W. Va. Code 1899, ch. 99, §§ 10, 11.
The action has, as a natural consequence of the reforms in procedure, been more or less in disuse in modern practice, being entirely abolished in those states where code practice has been adopted.
The action of debt lies for the recovery of arrears of rent, hut at common law no interest on rent was recoverable, unless expressly or by implication contracted for, or where justice required it. Cooke v. Wise, 3 H. & M. 463. But in Virginia and in West Virginia by statute interest is recovered “in any action for rent” as in other contracts. Va. Code 1187, §§ 2787, 3396 ; 4 Min. Inst. (3rd Ed.) 162; W. Va. Code 1899, ch, 93, § 7.
For the general requisites and qualities of a declaration in deht, and the modes of stating the cause of action, reference is made to 4 Min. Inst. (3rd Ed.) 685 et sea., and 701 et sea., where these subjects are fully treated.
West Virginia Practice. — It is held in State, etc., v. Harmon, 15 W. Va. 115, in interpreting sec. 10 of ch. 99, of the Code of West Virginia of 1868, that so far as it applied to the action of assumpsit upon sealed instruments containing a promise, undertaking or obligation to pay money, the court did not feel at liberty to giye a more enlarged or liberal interpretation to it, than bound to'Jby the language or terms thereof applicable thereto, but that it regarded it to be the safer practice under the then state of legislation to declare in debt upon a sealed instrument for the payment of money rather than in assumpsit.
Necessity to Aver and Prove Consideration. — At common law, in an action to recover money due by promissory note, not negotiable (the action being founded not on the note, but on the contract of which the note is evidence), it is indispensable to aver and prove a valuable consideration, as it is in actions on all unsealed contracts. 4 Min. Inst. (3rd Ed.) 701.
In Va. by statute (Va. Code 1873, ch. 141, § 10; Va. Code 1887, § 2852) in case of notes for the payment of money, a valuable consideration is prima facie presumed, at least where an action of deht is brought on the writing (Peasley v. Boatwright, 2 Leigh 198), and by the Code of 1887, § 2852, the same doctrine is applicable to assumpsit. Crawford v. Daigh, 2 Va. Cas. 521; Jackson v. Jackson, 10 Leigh 453; 4 Min. Inst. (3rd Ed.) 31. But the defendant may go into evidence touching consideration. Jackson v. Jackson, 10 Leigh 453.
*64 Joint and Several Causes of Action. — Debt on a single bill and on a mutuatus or other simple parol contract, may be joined in the same action of debt. Somerville v. Grim, 17 W. Va. 803. The action of debt lies to recover money lent, paid, had and received. Somerville v. Grim, 17 W. Va. 803.
On Speciality and Simple Contract — Joint Action.— An action of debt was brought on a bond for $207, on which was an endorsement by the obligor and obligee stating that a settlement had been made, and there was due on the bill $152. The declaration demanded $359, and contained two counts, 1st, on the single bill, and 2nd, on the simple contract. It is well established that debt may be brought on an obligation and on a mutuatus joined in the same action, though the former be under seal, and the latter a simple contract. The test of the propriety of such junction is that the accounts are of the same nature, and the same judgment may be given in all, though the pleas be different. The declaration in this case was free from objection, and the joint action was proper. Eib v. Pindall, 5 Leigh 109.
Appearance Bail-Bond with Conditions. — Appearance bail is not required in actions of debt on bonds with collateral conditions; and in such cases, it is error to enter a judgment by default against the sheriff for not requiring appearance bail. Ruffin v. Call, 2 Wash. 181; Nadenbush v. Lane, 4 Rand. 413.
Statutory Penalty. — Bail is not requirable in an action of debt, for the penalty of a statute. U. S. v. Mundel, 6 Call 245.
II. WHEN DEBT LIES.
A. SIMPLE CONTRACTS.
Note for Payment of Money or Tobacco. — The action of debt may be maintained on a note in writing, for the payment of' money or tobacco, under our statute, and it is immaterial that the declaration should set out the consideration of the note, or that it was given for value received. Crawford v. Daigh, 2 Va. Cas. 521. And it was held in Hatcher v. Lewis, 4 Rand. 152, that debt lies against the endorsers of a note by a joint action. .
Foreign Note Unstamped. — If the law of the State where a note is given only declares that it shall not be admissible as evidence unless stamped, an action of debt may nevertheless be maintained upon it in another state. Fant v. Miller, 17 Gratt. 47.
Writing Acknowledging Debt. — When there is a writing, signed by the debtor, acknowledging his indebtedness in a certain amount; the real owner may bring an action of debt thereon. Cunningham v. Herndon, 2 Call 530; Murdock v. Herndon, 4 H. & M. 200. An acknowledgment of indebtedness between the parties to a deed, contained in its recitals is a sufficient acknowledgment of a debt to sustain an action of debt thereon. Newby v. Forsyth, 3 Gratt. 308.
Acceptor of an Order. — Under the 4th section of the Act, 1 Rev. Code, ch. 125, p. 484, the payee of an order can bring an action of debt against the acceptor of an order, because by his acceptance he obliges himself to pay the amount of the order to the payee by an absolute and unconditional obligation, and the subsequent treatment of the paper does not affect him. Hollingsworth v. Milton, 8 Leigh 50.
Bill of Exchange — Acceptor.—An action of debt will lie in the name of the drawer of a bill of exchange against the acceptor, independently of statute, and an action of debt will lie in the name of the endorsee | of a bill of exchange against the acceptor under the Virginia Statute, Code 1860, ch. 144, § 10; Regnault v. Hunter, 4 W. Va. 257, overruling Smith v. Segar, 3 H. & M. 394, and Wilson v. Crowdhill, 2 Munf. 302.
Acceptor of Bill of Exchange — Payee—Drawer—Endorsee. — It was held in Regnault v. Hunter, 4 W. Va. 257, that an action of debt will lie in the name of the payee of a bill of exchange against the acceptor, under sec. 10, chap. 144, of the Code of Va. 1860, provided it be averred in the declaration that the acceptance is signed by the party who is to be charged thereby, or his agent. An action will therefore lie in the name of the drawer of a bill of exchange against the acceptor, independently of statute. An action will lie in the name of the endorsee of a bill of exchange against the acceptor under the statute.
Foreign Bill of Exchange. — The action of debt lies on a foreign bill of exchange, which was drawn in another state and endorsed in this State. Stott v. Alexander, 1 Wash. 331.
To Hold Haker and Endorsee Jointly Liable Protest and Notice Necessary.— To make an endorsee of a negotiable note liable, in debt, with the maker, it must appear that the note was duly and formally protested for non-payment, and that he was duly notified of such non-payment, and protest. See Code 1868, ch. 99, § 11. Shields v. Bank, 5 W. Va. 254.
B. BONDS.
Bonds Dischargeable in “Notes or Bonds.” — An obligor bound himself to pay to the obligee or order on or before a certain day, a certain sum of money, with interest, “which sum may be discharged in notes and bonds due on good solvent men residing in the county of Randolph, Virginia.” This is a bond for the payment of money and for which an action of debt will lie. When the obligation is to pay a sum of money, or some other article in the alternative, on or before a certain day; or to pay a certain sum of money, with a privilege to the obligor to pay it in some other article on or before a certain day, the obligor has his election to deliver the article on or before that day; but if he fail to do so, he is liable absolutely for the money in an action of debt for its recovery. Butcher v. Carlile, 12 Gratt. 520.
Bonds Payable in “Goods or Money.” — An obligation was made for the payment of a certain sum of money in monthly installments, “either in goods at regular prices or .current money.” At the dates of payments neither the goods tyere delivered, nor the money paid. It was held that this was an obligation to pay money, with the privilege to the obligor to discharge the money obligation by the delivery of goods at regular prices in equal amount, on or before the time of payment; and the obligor having failed within that time either to pay the money or so to deliver the goods, was liable in an action of debt thereon. Minnick v. Williams, 77 Va. 758.
On Bond of Sheriff for Trespass. — An action of debt is the proper remedy when proceeding on the official bond of a sheriff who takes the property of A. under an attachment against the property of B. This was a violation of the duty of his office and the condition of his bond, and his sureties are liable therefor. Sangster v. Com., 17 Gratt. 124.
Bonds Payable in Confederate Notes. — A bond was given in 1862, novating several prior transactions between the parties. If the intention of the parties to the bond was that it was payable in Confederate States treasury notes, the defendant is entitled to recover in an action of debt the value of the amount of such notes, scaled according to the value of such *65 notes with reference to gold. Dearing v. Rucker, 18 Gratt. 438.
Bonds Payable in “Gold or Silver.” — An action of debt was brought on a bond promising to pay, “twenty-four hundred dollars, in gold or silver, or its equivalent.” The court was of the opinion that this was an obligation to pay a certain sum, aud “gold or silver” was named as the standard of value. The obligor was not obliged to pay in that coin, he could have paid its equivalent. Such an obligation is an absolute one for the payment of a sum certain of money, and as held in Butcher v. Carlile, 12 Gratt. 520, although there was a privilege to discharge It in its equivalent, the action of debt was properly maintainable on it. Turpin v. Sledd, 23 Gratt. 238.
Replevy Bond. — The executors may either maintain the statutory remedy of motion, or the common-law remedy of action of debt on a replevin bond, payable to their testator. Booker v. McRoberts, 1 Call 243; Early v. Owen, 6 Munf. 319.
Defective Forthcoming Bond. — Although a motion has been brought on a forthcoming bond, and dismissed because it was defective, this did not prevent the subsequent bringing of an action of debt upon the same bond, the said bond being taken by the sheriff, and the property was not delivered according to the condition of the bond and the motion on said bond dismissed because of its insufficiency. Hewlett v. Chamberlayne, 1 Wash. 367; Johnstons v. Meriwether, 3 Call 523. The fact that the bond was taken payable to the sheriff instead of to the creditor, does not prevent his bringing an action of debt on it. Beale v. Downman, 1 Call 249.
Act of 1813-14, ch. 13, §2 Construed — Administration Bond. — M. H. adm’r of E. H. recovers a judgment against E. B. adm’x of R. B. for debt due plaintiff’s intestate, and sues out a ft. fa. thereon,, which is returned nulla bona,', then, M. H. the plaintiff, dies; and administration de bonis non of R. H.’s estate is granted to A. Held, the action of debt on the administration bond of E. B. against her and her sureties, lies at the relation of A. the adm’r de bonis non of R. H. and not at the relation of the representative of M. H., he first adm’r of R. H., upon the construction of the statute of 1813-14, ch. 13, § 2; 1 Rev. Code, ch. 104, § 63; Allen v. Cunningham, 3 Leigh 395.
Bond to Ancestor — When Heir May Sue. — The heir may maintain an action of debt on a bond to his ancestor, conditioned for the quiet enjoyment of lands, when the breach has happened sinee the ancestor’s death. Every d ecedent leaves two representatives, the executor, who represents his personal rights, and the heir, who represents his real rights. The executor is entitled to the collection and possession of the personal estate for the purposes of payment of debts aud legacies, but the heir is entitled to the realty. The bond sued on constituted no part of the testator's personal estate, as no breach occurred during his lifetime, but belonged to the heir as appertaining to the inheritance, and it was proper for him to sue in debt for the breach. Eppes v. Demoville, 2 Call 22.
C. JUDGMENTS.
Joint Judgments — One Defendant Dead. — Where a joint judgment is obtained against two defendants, and one dies, an action of debt on the judgment lies against the representative of the deceased defendant; the law respecting partitions, joint rights and obligations, 1 Rev. Code, 359, being applicable to joint judgments. Roane v. Drummond, 6 Rand. 182.
On Judgment “If Assets.” — It was held in Braxton v. Wood, 4 Gratt. 25, that the action of debt could be brought on a judgment, confessed by the administrator in a suit by a debtor of his testator, “if a sufficiency of the assets of the defendant’s testator’s estate shall remain after payment of debts of superior dignity.”
Judgment — When Records Destroyed. — The action of debt may be maintained on a judgment, although the records of such judgment have been destroyed by fire, which also destroys the record of an appeal taken on said judgment. Newcomb v. Drummond, 4 Leigh 57.
D. ON STATUTES.
Statutory Penalty. — By the Supp. to Rev. Code, ch. 88, p. 112, it provides that if any officer of an election, who interferes in the election in any way by showing partiality for any candidate, he shall forfeit a certain sum, to be recovered by bill, plaint, or information in any court of record. In an action of debt brought under this statute it was contended that debt not being mentioned as a means of recovery, the action did not properly lie, but the court held it to be embraced in the words “bill” aud “plaint.” Sims v. Alderson, 8 Leigh 479.
E. PARTIALLY SEALED CONTRACTS.
Writing Sealed by aPart of Signers — Joint—Joint and Several. — An instrument in writing, binding all of the parties thereto, purporting to be under their hands and seals, is not sealed as to one of the parties. An action of debt is brought on the paper, and on demurrer it is held proper to sue all of the parties to such paper in one action of debt. In order to maintain the action the undertaking must be either joint and several, or joint; it was held to be plainly one joint undertaking. Rankin v. Roler, 8 Gratt. 63.
An action of debt was brought upon the following instrument, “On demand, I promise to pay to David Keller the just and full sum of $200.00, for value received, as witness my hand and seal the 1st day of March, 1862.
Thos. McHufiman, [Seal.1
Security: — David M. Riffie.” This action was a joint one, and was brought by Keller’s administrator against the obligor and the surety. The court held that this writing.constituted a joint and several promise to pay, and that the action of debt was properly brought on it; it was held not necessary to sue in separate actions the obligor and surety. Keller v. McHuffman, 15 W. Va. 64.
III. WHEN DEBT DOES NOT LIE.
A. IN GENERAL.
Bond Payable in Installments — When the obligation is to pay a sum of money in twenty-five annual installments, debt cannot be maintained on the bond, until the whole amount becomes due and payable. The proper remedy is an action of covenant for the recovery of the installments as they fall due. Peyton v. Harman, 22 Gratt. 643.
Statutory Bonds — if an act of assembly directs that a bond shall be payable to the justices, and that the penalty shall be £1,000; If the bond be taken payable to the governor, and the penalty be £10,000, and a suit thereon is brought by a succeeding governor for the benefit of the party injured by an action of debt, it cannot be sustained. Stuart v. Lee, 8 Call 421.
Against Drawer and Endorsers of a Specialty. — A single bill, under seal, is not a note, but a specialty; and therefore the drawer and endorsers of such a note made negotiable and payable at the Farmers’ Bank, cannot be sued jointly in an action of debt. Mann v. Sutton, 4 Rand. 253.
*66 Single Bill under Seal. — Since tlie passage of the West Virginia Code of 1868, as before, a single bill under seal is not a note, but a specialty; and the drawer or endorsers of such a bill, although it be made payable and'-negotiable at a bank in West Virginia, cannot be sued jointly in an action of debt by virtue of the 11th sec. of ch. 99, of said Code. See Mann v. Sutton, 5 Rand. 253; Laidley v. Bright, 17 W. Va, 779. But see same section in the Code of 1899.
Beneficiary Not a Party. — Where there was an indenture between two parties, in which one of the parties covenanted to pay a certain sum to a third party, within a certain time and there was a breach of this covenant, the grantee or his personal representative only may proceed at law for its recovery, either by covenant for the breach or by debt for the money. The beneficiary cannot do so. So in a similar case when the contract was by parol, the beneficiary was not allowed to maintain debt or assumpsit for the money. The personal representative of the dead grantee alone being allowed to proceed at law. Ross v. Milne, 12 Leigh 204, 37 Am. Dec. 646.
Hilitary Certificates. — It was held in Gibbon v. Jameson, 5 Call 294, that as debt could only be supported for money or tobacco, it did not lie for military certificates.
For Levying without Paying Year’s Rent Due. — An action of debt was not sustained under an act which did not impose a penalty upon the officer for levying an execution on the property of the tenant, when a year’s rent was due to the landlord, which the officer did not pay. The sheriff was liable in such case, but the remedy was an action on the case for consequential damages. Byrd v. Cocke, 1 Wash. 232.
Acceptor of Bill of Exchange. — An action of debt was held in Smith v. Segar, 3 H. & M. 394, and also in Wilson v. Crowdhill, 2 Munf. 302, not to lie against the acceptor of a bill of exchange. Otherwise by Va. Code of 1887, § 2853. See also, Regnault v. Hunter, 4 W. Va. 257, holding samé way, that the action does lie.
B. BONDS NOT PAYABLE IN MONEY.
Bond “Payable in the Currency of Virginia and North Carolina Money.” — On the 14th of September 1862, H bound himself by bond to pay to D twelve months after date eight hundred dollars for the purchase money of land, describing it, “payable in the currency of Virginia and North Carolina money. ” The obligation upon which this suit was brought, promised to pay eight hundred dollars “payable in the currency of Virginia and North Carolina money.” Bank notes, though they pass generally by common consent as money, and answer the purpose of money, are not money in a legal sense unless they be made a legal tender in payment of debts. The action of debt will not lie where the amount of recovery in money must be ascertained by evidence of value and the intervention of a jury. The action of debt only lies for money and the plaintiff recovers the sum in, numero, and -not a compensation in damages. In this case the quantity of the Virginia and North Carolina currency was fixed, and the insertion of the words eight hundred dollars has no reference to current coin, but to the amount of bank notes which represents so much coin. In cases of indeterminate quantity there can be no other measure of damages than the named sum, and the intervention of a j nry is unnecessary. The named sum must necessarily be the amount of the debt, which is then precisely ascertained. But where the named | sum is to be paid in' any determinate quantity of a collateral article subject to fluctuation in its market price, the value of that article is the thing due, and as it may be more or less than the named sum for which the creditor is willing to take the article, it must be estimated in damages by the jury. This was a promise to pay this sum in the currency named, and the action of debt cannot be maintained upon it. Dungan v. Henderlite, 21 Gratt. 149.
Bonds Payable in Bank Notes. — The obligor in a bond, promised to pay, on or before a certain spec!-, fled day, the sum of “813 dollars and 79 cents, in notes of the United States Bank or either of the Virginia banks,” and an action of debt is brought, on this writing. It is held that the action cannot be maintained. The action of debt will only lie upon a money or tobacco bond, and the plaintiff recovers the sum in numero, and not a compensation in dam-, ages. This is substantially a contract to pay bank notes to a certain specified amount, expressed in words as appropriate as any other, to signify how much bank paper was to be paid, and is equivalent to an engagement to pay bank notes amounting to 813 dollars and 79 cents, or so many bank notes as on their face will nominally make that sum. Paper may rise or depreciate in value before the day of payment, and if the day passes, when the contract is to be fulfilled, the measure of the obligee’s right, and of the obligor’s liabilities is the value of the notes on that day to be ascertained by the verdict of a jury, and awarded in damages. But where the promise is to pay a determinate sum in an article of fluctuating or uncertain value, if the quantity be fixed, so that at the day of payment it may fall short of the debt, there debt will not lie, because the essence of the contract was the delivery of the article and the creditor can only recover the value. As where there is an obligation to pay 500 dollars in wheat at a certain day, a failure is made to deliver the wheat on that day, debt will lie because the obligation was for 500 dollars, whether it be paid in coin or wheat. But -if the obligation be to pay 500 dollars by the delivery of 500 bushels of wheat, there debt will not lie, although .the day be past, for it is possible that the wheat- on the day of payment will be worth less than 500 dollars. Beirne v. Dunlap, 8 Leigh 514.
IV. THE PLEADINGS.
A. THE DECLARATION.
1. In General.
Omission of Obligor’s Residence. — It is immaterial that the words, “of the county of Essex,” the place of the obligor’s residence, which is stated in the bond, are not stated in the declaration. Evans v. Smith, 1 Wash. 72.
Blank as to Sums, Date, etc. — Where an office judgment was entered for the plaintiff on-a declaration in debt, which was blank as to the sum declared 'for, the date of the bond, the assignment to the plaintiff and the damage, it was incurably erroneous, and the judgment was reversed and the suit was dismissed with costs. Blane v. Sansum, 2 Call 495.
Declaration of Executor in Detinet — Judgment de Bonis Testatoris. — If an executor obtain a judgment against the administrator of the debtor, for a debt due to his testator, to be levied of the goods and chattels of the intestate, and he afterwards bring an action of debt against the administrator suggesting a devastavit and declare in detinet only, he cannot have judgment de bonis propriis of the ad *67 ministrator but only de bonis testatoris. To entitle the plaintiff to a judgment debonis propriis lie should declare in the debet and detinet. Spotswood v. Price, 3 II. & M. 123.
Executor’s Bonds — How Action Is Brought. — On a bond payable to “A, executor of B,” the declaration technically should have been in the debet as well as the detinet, but it was only in the detinet. The plaintiff has the right to abridge his demand, and the omission to declare in the debet is such mere matter of form, that it will not be held regarded, even on special demurrer. Bailey v. Beckwith, 7 Leigh 604 ; Waller v. Ellis, 2 Munf. 88.
Declaring against Remote Heir. — fn declaring in an action of debt against the heir of an heir on a bond in which such heirs are bound, he should be charged as heir of the heir of the obligor, or as heir of the obligor, with a videlicet, setting forth the intervening descent, but it is not necessary for the declaration to state how he is heir. Waller v. Ellis, 2 Munf. 88.
Husband Joined in Suit on Bond to Wife.- — in an action of debt on a bond in the name of a married woman as assignee of the oblig'ee the declaration stated that her husband had no interest in the subject matter of the suit but was joined with his wife by way of conformity, field, the declaration was unobjectionable. Tate v. Perkins. 85 Va. 169, 7 S. E. Rep. 328; Hayes v. Va. Mut., etc.. Ass'n, 76 Va. 225.
By Assignee on Balance Due. — it is a sufficient declaration in debt, which states that the defendant had acknowledged by his certain writing, the settlement of his account with W. It., and a certain amount due to him, which the said W. It. had by writing on the bill of settlement assigned to the plaintiffs, directing the same to be understood as belonging to the plaintiffs. This stated a sufficient cause of action. Cunningham v. Herndon, 2 Call 530.
On Administration Bond. — As administration bonds are for the use of others, and are specifically designated and provided for by law, it follows, that when such a bond is sued upon, and is to be exhibited as evidence, it ought clearly to appear from the declaration, that the bond declared on, is in its character an administration bond. It ought not tohayetobe inferable from the declaration that it is a mere private bond, which is the ground of action. When an official bond is the ground of action, it should be laid in the declaration to have been made to the obligee in his official capacity: that the declaration should manifest in what right the plaintiff sues is a general principle of law. The failure to state in a declaration in debt on an administration bond that the plaintiifs sued as justices of the court is a fatal variance, and the bond was inadmissible in evidence. Cabell v. Hardwick, 1 Call 345.
What Omissions in Declaration Fatal. — The declaration in an action of debt on a negotiable note, which fails to state that the iilaintiflis the payee or endorsee or holder of the note, though the drawing of the note, and its endorsement by the payee in blank is alleged; which also fails to state that it was duly presented tor payment at the place where it was payable, at the time when it became due and payable, that it was not paid, and that thereupon it was then duly protested for non-payment, of all of which the endorser had prompt notice, is fatally defective on general demurrer. Bank of Huntington v. Hysell. 22 W. Va. 142.
Against Heirs oí Obligor. — In an action of debt on bond with collateral condition, the writ (which by the defendants’ praying oyer was spread on the record) was against four persons, as heirs of the obligor, but the declaration only charged three as such heirs, the declaration was too defective for a judgment to be entered thereon, and such defect -was not cured by verdict. Watson v. Lynch, 4 Munf. 94. See Va. Code 1887, § 2668.
2. The Debt.
On Joint Bond against One Obligor.-In an action of debt against one only of two joint obligors, where the declaration described the bond as joint, and did not state that the other obligor was dead, this was a fatal error, and thoug'h it was not pleaded in abatement, was not cured by verdict. Newman v. Graham , 3 Munf. 187. But it is held in Meredith v. Duval, 1 Munf. 76, that if the bond be spread on the record by oyer, and appea r to be a joint and several bond, the defect in the declaration will be obviated. Tn neither case was the statute of jeofails adverted to. See Va. Code, 1887, § 3449.
When Interest Not Part of Debt — The declaration in an action of debt on a judgment, which does not carry interest, demands the sum with interest. When the plaintiff, in an action in nothing extrinsic, but depending on a deed or other instrument, and pari rations on a judgment, demands more than by his declaration he shows himself entitled to. the declaration is bad • upon demurrer. Shelton v. Welsh, 7 Leigh 175.
On Maryland Judgment. — A Maryland judgment was rendered for a debt, damages and costs, with a memorandum at the foot that the plaintiff shall release the damages on payment of the interest due on the debt. In an action of debt brought on this judgment in Virginia, the declaration demanded the debt with interest, and not the damages. The demand of the plaintiff was substantially for the debt with interest, and hence there was no error in the declaration, which was held to be good in Kemp v. Mundell, 9 Leigh 12.
Acknowledgment oí Indebtedness in a Deed. — -Tn a declaration in debt on a deed, which contains the acknowledgment of the debt, it was held unnecessary to set out any more of the deed than that which contains the acknowledgment; and that only according to its legal effect. Newby v. Forsyth, 3 Gratt. 308.
On Statement of Agent. — An action of debt was instituted on a paper, which contained a statement of account of rents collected through a number of years by an agent for his principal. There was a statement at the foot of the account setting out the gross amount received, certain deductions, leaving the net sum due, concluding, 'Tn the foregoing statement all errors to be corrected. As witness my hand and seal.” This was signed and sealed by the agent. If this paper will sustain an action of debt, the declaration should declare that there are no errors in the bond ; if plaintiff claims the net sum, and if she claims more or less, she should aver such error as will sustain her demand. Davis v. Mead. 13 Gratt. 118.
Defective Declaration — Statute of Jeofails. — The declaration in an action of debt on a judgment for a certain sum to be discharged by a lesser, demanded a wrong sum, and no special demurrer was filed. The error was cured by the statute of jeofails, there being enough in the declaration to show the true amount of the judgment. Roane v. Drummond, 6 Rand. 182.
Amendment of Declaration — An action of debt was *68 brought upon a judgment for a certain sum. In the declaration the sum declared for was slightly different from the judgment. The plea of no such record was filed. Upon the trial of the cause, the plaintiff moved to amend the declaration by inserting the true sum, which was allowed. There was no error in permitting the amendment. Anderson v. Dudley, 5 Call 529.
Date of Bond Blank in Declaration. — An action of debt was brought on two bonds, which were described in the declaration as dated on the — day of - 1859, and the — day of-1860. The obj ection on general demurrer to these counts was not held sound, the bonds being fully described. Simmons v. Trumbo, 9 W. Va. 358.
Omission of Sum. — In an action of debt upon a protested negotiable note against the makers and endorsers, the accidental omission of the sum for which the note was given, in the description of it in the declaration, where it appears from other parts of the declaration, is not ground of demurrer. Archer v. Ward, 9 Gratt. 622.
Demand Less Than Amount of Note Sued on. — If the demand in the declaration in an action of debt be for less than the right of recovery shown by the note described in it, it would be disregarded on demurrer by reason of sec. 29, ch. 125 of the Code, and as the variance does not aggrieve the defendant, but is to his benefit; and also, in the absence of a demurrer, it is cured after judgment by sec. 3, ch. 184 of the Code of W. Va. Long v. Campbell, 37 W. Va. 665, 17 S. E. Rep. 197 (1893).
Variance — Several—Joint and Severa!. — If a declaration describe a note of several parties as several, while the note is joint and several, and no objection is made on account of the variance before judgment, though it be rendered on demurrer to evidence, it is unavailing to reverse the judgment by reason of sec. 3, ch. 134 of the Code of W. Va. Long v. Campbell. 87 W. Va. 665, 17 S. E. Rep. 197 (1893).
Declaration Defective. — A judgment was rendered in favor of testator of the defendant, against the plaintiff for 64£, 8s, 4d, to be discharged by the payment of 33£, 4s, 3d. The declaration in an action of debt, brought upon the above judgment, claimed only tbe latter sum, and a verdict was given to the plaintiff, and judgment entered. On appeal the judgment was reversed, because by the declaration it is manifest that the suit should have been for 64£, 8s, 4d, instead of 32£, 4s, 2d. Ragsdale v. Balte, 2 Wash. 201.
Interest Not Claimed. — An action of debt was brought upon a promissory note, bearing interest from date. The declaration stated the principal sum right, but omitted to state the amount of interest. Judgment for the principal sum without interest must be entered upon non sum informatus. Hubbard v. Blow, 1 Wash. 70. See also, Brooke v. Gordon, 2 Call 212. But now under the act which took effect April 1805, the clerk issues executions for interest, though not mentioned in the writing, nor demanded in the declaration. Wallace v. Baker, 2 Munf. 334; Baird v. Peter, 4 Munf. 76. See Va. Code, §§ 8300, 3301.
A judgment entered upon nil dicit or non sum informatus, In an action of debt in a penal bill, will not be reversed because the declaration, although describing the bill penal correctly as to the principal, penalty, and date, omitted to mention that the debt was payable “with interest from a day prior to the date,” and judgment, in conformity with the penal bill was entered for the penalty, to be discharged by the principal, .with such interest and costs. Harper v. Smith, 6 Munf. 389.
Variance between Bond and Declaration. — In an action of debt on a bond, the latter was recited in the declaration as bearing date in 1811; the bond produced, aud made part of the declaration upon oyer was dated in 1810. This variance was held to be a matter of substance, and fatal to the case. Bennett v. Loyd, 6 Leigh 316.
On Judgment for Penalty Dischargeable by Smaller Sum. — Iu an action of debt on a j udgment for tbe penalty of a bond, “to be discharged by a smaller sum with interest,” the declaration ought not to demand “the smaller sum with interest till paid," but “the penalty to be discharged thereby.” On the ground of this defect the court was of opinion that the error was a fatal one, even after verdict. Anderson v. Price, 4 Munf. 307.
Penalty and Not Aggregate of Bonds Sued on Demanded — Not Error. — The aueritur in an action of debt brought upon an injunction bond should demand the aggregate of all the injunction bonds named in the declaration, where there are several counts, and there are apparently several bonds. But if the aueritur demands only the penalty and not the aggregate it will not be so material an error as to be available on general demurrer. Bank v. Fleshman, 22 W. Va. 317.
3. the Bbeach.
Demurrer — Joining Causes of Action. — A declaration in debt contained but one count for the sum of $569 made up of the aggregate amounts due by two single bills, one of which alleged the defendant had bound himself to pay $100 in cash and $85.00 in good cash notes, the other that he bound himself to pay $385. The breach laid was that “the defendant has not paid the said several parcels of the said sum of $569, or any, or either of them, or any part thereof, in money or good cash notes.” The defendant demurred because (1) the declaration was double iu blending debt with covenant; (2) debt cannot be maintained on money to be paid in cash notes; (3) debt and covenant cannot be joined in the same action, and (4) debt is an entirety and indivisible. These objections cannot be considered on a demurrer to the whole declaration. The demurrer cannot be sustained. Henderson v. Stringer, 6 Gratt. 130.
Official Bond — Prom Whom Honey Received — Injury from Breach — Damage.—In an action of debt on a bond conditioned for the faithful discharge of the duties of an office, the declaration need not set forth the particular persons from whom money was received, nor the sums received from each, nor the time when the breaches were committed, if it appears that they occurred during the continuance of defendant in his office; nor is it necessary to state the damages occasioned by the breaches. It is not necessary for the declaration, after the assignment of breaches, to allege that the plaintiffs have been injured by the breaches, but it is sufficient if it is stated that an action has accrued to the plaintiffs to demand and have the penalty of the bond. In an action for the penalty of a bond, it is not necessary to state that in consequence of the refusal of the defendant to pay, the plaintiff sustained damage. Allison v. Bank, 6 Rand. 204.
Bond by Distributees to Indemnify Administrator.— In an action of debt on a bond given by distributees to indemnify an administrator for dividing the estate among them, the condition being, “that they should pay him their respective proportions of all debts -which he should be compelled to pay, that *69 should thereafter come against said estate,” it was a sufficient assignment of the breach for the declaration to say, “that the plaintiff on a day subsequent, to the date of the bond, had paid, by the consent of the defendants, a debt which was then due from the estate aforesaid, and which, as administrator he was bound to pay, and that the defendants had not paid him their respective parts nor any proportion thereof, but the same had refused, although often requested.” Moss v. Moss, 4 II. & M. 293.
Insufficient Assignment of Breach. — An assignment of a breach of a bond with collateral condition, in the declaration which commenced “and whereas, etc..” and continued in this way of recital to the end, and which did not contain any direct averment, was held insufficient, and the error was fatal on general demurrer. Syme v. Griffin, 4 H. & M. 277. See Va. Code 1887, § 3272.
Bond with Collateral Condition. — lt is sufficient in declaring on a bond with collateral condition, if the declaration in debt on such bond assign the breach in the very words of the condition. Craghill v. Page, 2 H. & M. 446. Judgment was sustained although no damages were laid in the declaration in an action of debt on bond with a collateral condition. Craghill v. Page, 2 H. & M. 446.
In an action of debt on a bond with collateral condition, if the breach be assigned in as general terms as those of the condition, this is sufficient. In such cases, the plaintiff may recover more damages than he has laid in the declaration. Winslow v. Com., 2 H. & M. 459.
On Bond with Interest. — The declaration in an action of debt described it as being for a certain sum of money, with interest from a certain day. The breach laid was that the defendant had not paid “the aforesaid sum of money,” without alleging the non-payment of interest. The defendant was not allowed to object to errors which were for his benefit, and the defect was cured by the verdict for the principal sum, together with damages and costs. Hammitt v. Bullett, 1 Call 567.
Counts in Declaration — General Conclusion — Breaches. — Where an action of debt is based upon a single bill and simple contracts for money lent, money received, or money paid, and the aggregate of all the counts is demanded, the usual conclusion need not be added to each count, and if the general conclusion of the declaration is in the proper form and good, it will be considered as applying to each count, as well as to all collectively. And when the breach in the count on the single bill is alleged to have been defective, and the breach at the end of the declaration is sufficient, the breach to the count of the single bill will be cured by the breach at the end of the declaration. Somerville v. Grim, 17 W. Va. 803.
Variance Cured after Verdict. — The defendant gave a bond, with condition, that he would collect certain debts due to obligee, make return of amounts collected, and surrender all bonds not paid, except such as might be lodged with lawyers for collection, agreeing to perform the duty of collector for the obligee to -the best of his skill. An action of debt was brought on this bond, and the breach was laid on the defendant’s neglecting to bring suits for the recovery of the debts, etc. This variance was held immaterial, particularly after verdict. Hawkins v. Berkley, 1 Wash. 204.
4. The Averments.
Sheriff’s Bonds — Bad Averment. — When the action of debt was brought on a sheriff’s bond, and the declaration averred that the deputy sheriff acknowledged that he had received the amount of the execution, not that he had received it, this was a bad averment. For though it may be true, that the deputy made the acknowledgment, it may be false that he received the money. The receipt of the money was the gist of the action, and it should have been directly averred, that the defendant might put in an issue. The acknowledgment of the receipt of it did not offer proper matter upon which an issue could be made up. An issue made up on it would have been immaterial. Bennett v. Loyd, 6 Leigh 316.
Officer of Election — Statutory Penalty — Recitals.—In an action of debt under a statute imposing a penalty on the sheriff for partiality in conducting an election, the declaration was objected to because it contained mere recitals and not express averments; because it did not aver that there was an election, nor that defendant conducted it, the words “being, etc.,” were mere recital. The court held that while the facts of the election, of the plaintiff being* a candidate, and that the defendant was the sheriff, were set forth by way of recital, the fact that the defendant “did interfere and show partiality,” which was the gist of the action, was set forth directly and not by way of recital, and that the declaration was good on general demurrer. Sims v. Alderson, 8 Leigh 479.
On Sheriff’s Bond — Fatal Omission. — A declaration in an action of debt upon a sheriff’s official bond, for the use of the county court of his county, for failing ,to pay over moneys received by him in his official capacity for the use of such county, which fails to aver that before such action was commenced, the county court had, by its order entered of record, or by a draft made in pursuance thereof, ordered him to pay such moneys to his successor in office, or to some other person, and that said sheriff had notice thereof, is, upon general demurrer, fatally defective. State v. Hays, 30 W. Va. 107, 3 S. E. Rep. 177.
Averment of Penalty in Penal Bond. —A declaration in debt on a penal bond executed to an individual must contain an averment of the non-payment of the penalty; and if it does not, the defect will be fatal on general demurrer. Rigg v. Parsons, 29 W. Va. 522, 2 S. E. Rep. 81.
On Executor’s Bond — Averment of Assets Necessary. —In an action of debt on an executor’s bond, the declaration must aver that assets sufficient to pay the debt came to the executor’s hands, or the amount of assets that came to his hands, and the devastavit thereof; and if the declaration contain no such averment, it is bad on general demurrer. Burnett v. Harwell, 3 Leigh 89.
Attachment Bond — Insufficient Allegation. — in an action of debt upon an attachment bond, the condition of which was that the defendant should pay all costs and damages that might accrue from wrongfully suing out the attachment, the declaration averred that the defendant “did not pay all such costs and damages ashave accrued, etc.” Butthere was no averment that the attachment was wrongfully sued out, or that costs and damages had been sustained. This was not a sufficient declaration; a direct averment was essential. Dickinson v. M’Craw, 4 Rand. 158.
Executor’s and Commissioner’s Bond — Declaration Sufficient. — A bond is executed to an executor and commissioner under decree of court, with conditions reciting that the obligor has borrowed of the executor and commissioner a certain sum of his testa *70 tor’s estate, which by said decree he is authorized to put at interest, on real estate security and to take bonds in his own name as executor, the interest to be paid semi-annually, and the principal when he may so require. The declaration in debt on this bond did not ayer any order of the court authorizing the collection of the money. On demurrer the declaration was held sufficient. Cabell v. Cox, 27 Gratt. 182.
By Administrator of Assignee. — On general demurrer the declaration, in an action of debt by the administrator of the assignee of the obligee against the administrator of the obligor, was held to be essentially defective, because it did not aver that the defendant had not paid the assignor, before notice of assignment, nor the plaintiff’s intestate in his lifetime afterwards. Mitchell v. Thompson, 2 P. & H. 424.
Statute of Limitations Pleaded. — The plaintiff in an action of debt, if he wishes to take his case out of the statute of limitations by relying on a subsequent acknowledgment of the debt by the defendant within the period of limitation, must count on such subsequent acknowledgment in his declaration; it is otherwise in an action of assumpsit. Butcher v. Hixton, 4 Leigh 519.
Promissory Note — Presentment.—In an action of debt on a promissory note, brought by an indorsee against the maker, the declaration stated the note as one made negotiable at the Bank of Va. at Petersburg, and averred that the note was presented at the bank at maturity and protested for non-payment; the note offered in evidence, was made negotiable at the bank; there was no proof that it was presented at the bank for payment. The note was not made payable at any particular place, it was only made negotiable at the bank at Petersburg, and was not necessarily payable there. The averment of presentation at the bank is mere surplus-age and immaterial, and need not be proved. Barrett v. Wills, 4 Leigh 114.
Penal Bill — Demand.—In an action of debt on a penal bill payable on demand, the declaration contained no averment of a special demand. An obligation to pay money on demand is evidence of a present debt payable instanter, and the writ is a demand, which entitles the plaintiff to the penalty. Payne v. Britton, 6 Rand. 101.
Consideration — Vaiuel Received. — It is an unnecessary averment in the declaration of an action of debt in a writing for the payment of money, that there was any consideration, or that it was for value received. The plea is nil debet, which calls for proof of note, and allows evidence to be given that the consideration is bad or lacking. Crawford v. Daigh, 2 Va. Cas. 521; Peasley v. Boatwright, 2 Leigh 195. See Va. Code 1887, § 2852.
On Debt Due Testator. — In an action of debt brought by the surviving executor for a debt due to the testator in his lifetime, the declaration charged that the debt was not paid to the plaintiff, but did not charge also that it was not paid to the testator, nor that it was not paid to either of the co-executors. This was a fatal defect, and was not cured by verdict. Buckner v. Blair, 2 Munf. 336.
On Assigned Promissory Note. — A declaration in debt on an assigned promissory note, which did not state that the defendant had failed to pay the money to the drawee, as well as to the plaintiff, was held to be too defective to maintain the action. Norvell v. Hudgins, 4 Munf. 496.
Sheriff’s Bond. — In an action of debt on the bond of a sheriff, with collateral condition, it was held that where the declaration charged that he failed to pay the taxes on demand, instead of at the time appointed by law, that this was sufficient after verdict. Winslow v. Com., 2 H. & M. 459.
On Assigned Bond. — in an action of debt upon an assigned bond, the declaration did not aver that neither the defendant, nor her testator, in his lifetime, paid the debt to the obligee, or to either of the assignees of the said bond, but only averred that neither of them paid the same to the plaintiff. The declaration should state a failure to pay to the obligee, and each of the assignees, as well as to the plaintiff, and a failure to do so is too great a defect to permit the action to be maintained, and such defect is not cured by verdict. Braxton v. Lipscomb, 2 Munf. 282; Green v. Dulany, 2 Munf. 518; Nicholson v. Dixon, 5 Munf. 198.
■ And in a similar case although the partner, who did not sign the debt, put in a plea of payment, and verdict and judgment is given against him in the lower court, still this is too defective to support a judgment against him, in the absence of other averments binding him, and the j udgment was reversed. Garland v. Davidson, 3 Munf. 189.
On Bond of Partner for Firm. — In an action of debt against a partnership, on a bond signed by only one partner for the firm, the declaration charged that “W.” for “W. G.” bound himself, his heirs, executors and assigns to pay, etc. This was adjudged insufficient in law to maintain the action against the firm in the absence of other averments binding them. Shelton v. Pollock, 1 H. & M. 423.
5. The Damages. ,
Bond with Collateral Condition — Assessment of Damages — Penalty.—In an action' of debt upon a bond with a collateral condition, the jury may assess damages beyond those laid in the declaration, if the penalty be sufficient to cover them. Payne v. Ellzey, 2 Wash. 143.
Damages Omitted in Declaration. — The omission to lay damages in the declaration in an action of debt although in an action sounding in damages was cured after verdict by the statute of jeofails. Stephens v. White, 2 Wash. 203.
Recovery on Collateral Bond Limited to Breaches Assigned. — In an action of debt on a bond with collateral condition, the plaintiff cannot recover any costs or damages, which he did not demand in the assignment of breaches in the declaration. Woodson v. Johns, 3 Munf. 230.
Variance between Writ and Declaration — Interest-Protest Charges. — An action of debt was brought upon a protested negotiable note. The writ demanded the principal sum, but did not demand interest, nor the costs of protest. The declaration contained demands for the principal sum, together with interest and the protest charges. The demand for interest in the declaration, which is not claimed in the writ, is no objection, since by the statute in that case provided, the interest follows the principal as the shadow does the substance. It is error to claim charges of protest not claimed in the writ. Where judgment is by default this error may be taken advantage of. Hatcher v. Lewis, 4 Rand. 152.
B. THE PLEAS.
1. In General.
Wrong Plea — Amendment.—where the plea of payment was filed by the attorney, through inadvertence, and for want of information, to a declaration in debt on joint bond against the executors of one obligor, instead of the plea of discharge, which was *71 proper (the death of one obligor on a joint bond, prior to the Act of 1786, discharged his executors), the plea was allowed to be amended, after trial and verdict for plaintiff. Richardson v. Johnson, 2 Call 527. See Va. Code 1887, § 2855.
Attachment before Notice. — in debt by the assignee of a bond, it is not a sufficient plea, that, before notice of the assignment, the effects of the assignor were attached in the defendant's hands, and a decree entered that he should pay the debt to the attaching creditor, etc. ; and that, accordingly, he had made such paymentit appearing by the pleadings, that the bond was assigned before the attachment was instituted, and suit brought upon it by the assignee before the payment made. Wilson v. Davisson, 5 Munf. 178.
Plea of Statute of Limitations — Acknowledgment of Debt. — in an action of debt upon a promissory note against principal and surety, the surety plead the statute of limitations, and to which the plaintiff replied genérally. It was held that proof of the acknowledgment of the debt by the principal, within live years next before the action was brought, did not sustain the issue on the part of the plaintiff. Butcher v. Hixton, 4 Leigh 519.
Demurrer to Plea. — An action of debt was brought on the official bond of a sheriff in the name of G-. successor of T., governor of Virginia, to whom the bond was given. A plea was filed that G. was not, and that M. was the successor of T. A demurrer was filed to the plea. The plea although filed to entrap, cannot be pronounced bad in substance on demurrer, for that merely decides whether the plea is a good one, not whether the defendant should be permitted to file it. Bennett v. Loyd, 6 Leigh 316.
Upon a demurrer to a plea, the court goes back to the first fault, and if plaintiff's declaration is defective, gives judgmentfor defendant on the demurrer, nor is defect cured by the defendant pleading oyer. Bennett v. Loyd, 6 Leigh 316.
Issuable Plea. — in an action of debt against an executor, the defendant pleaded that the testator in his lifetime was the guardian of an infant, that his account as guardian had been settled by the commissioners of court, which showed a large balance due to the ward, and that this was a debt of higher dignity than that claimed by the plaintiff. This was held not to be an issuable plea. Wyatt v. Woodlief, 1 Leigh 473.
Plea of Covenants Performed. — Where an action was brought on a bond, the condition of which was that the obligor should make a title to a tract of land, when thereunto lawfully required, and the defendant plead covenants performed, the plaintiff was not bound to prove on his part any demand of a deed. Pate v. Spotts, 6 Munf. 394.
Repleader Awarded — Not Prayed for. — An action of debt is brought against M as heir and devisee of his father, upon a bond entered into by the father for the payment of money. The defendant pleaded "nothing by descent.” and issue was joined. A re-pleader was awarded, though not asked for in lower court, because the issue only tried the right as to the descent, but not as to the devise. Baird v. Mattox, 1 Call 257.
2. Evidence under.
Parol Evidence under Plea of Payment. — This was an action of debt brought on a bond, to which the defendant filed a plea of payment. On the trial the defendant introduced a witness, who stated that he heard the plaintiff, before the institution of the suit, tell the defendant that $25 only of the bond remained unpaid. The plaintiff’s counsel moved to exclude this evidence from the jury on the ground that no such payment as that was stated in the account of payments filed with the plea. But as by the act of assembly, 1 Rev. Code 487, ch. 127, it was provided, that in an action of debt due by judgment, bond, bill or otherwise, the defendant shall have liberty, upon the trial thereof, to make all the discount he can against such debt; and upon proof thereof the same shall be allowed in court; it is competent under the plea of payment to give in evidence parol admissions of the plaintiff, that but a portion of the debt claimed was really due. Rice v. Annatt, 8 Gratt. 557.
Proof under Specific Plea in General Terms. — In an action of debt brought on a bond given for the price of a slave, a special plea under the act of 1831 is good, which avers in general terms, that the slave was unsound at the time of the sale, and that the plaintiff knew the fact and fraudulently concealed it from the defendant; and that upon discovering the fact the defendant offered to return the slave and demand a rescission of the contract, which was refused, laying damages to the whole amount of the price, or not laying any damages, and praying for judgment in bar of the action. If such a special plea avers in general terms the unsoundness of the slave, and then adds a specific unsoundness, the defendant may prove any unsoundness under this plea, and is not confined to the specific unsoundness named in the plea. Fleming v. Toler, 7 Gratt. 310.
Lost Bond — Copy Admissible in Evidence. — An action of debt was brought upon a bond, with profert, the defendant craved oyer, which was given, but the bond shown was a copy, and the defendant plead payment, by doing which he waived the necessity of producing the original, and a copy may be given in evidence at the trial, upon due proof of the loss or destruction of the original. Taylor v. Peyton, 1 Wash. 252.
3, In BAR.
Plea in Bar of Action on Bond with Collateral Con= dition. — in an action of debt on a bond with collateral condition the declaration was in the usual form. The defendant prayed oyer of the condition of the said bond which was as follows: “Whereas the obligor did lend to J..W. $2,500 oi the obligee’s money, and the said J. W. having failed, but before he failed he paid $500, and whereas the said obligor hath instituted a suit against said J, W. for the recovery of said money; now, if the said obligor shall pay the whole sum so lent, if it can be recovered from the said J. W. or, in case it cannot be wholly recovered, will lose the one-half of that sum which cannot be recovered, then the above obligation shall be void, otherwise to remain in full force and virtuea plea was filed stating “that he, the said obligor, could not recover of J. W. or his endorser the sum of money in the said condition mentioned, or any part thereof, and that he paid to the obligee one-half of the sum which could not be so recovered, and the further sum of five hundred dollars.” This was held a good and sufficient p]ea in bar to an action npon the bond, without any further averment that the said obligor has used due diligence in prosecuting the suit, and without stating what measures he had taken to recover the money, or who the endorser was. Cooke v. Graham, 5 Munf. 172.
Issue Refused — Refection of Pleas. — in an action of *72 debt against an executor, judgment by default haring been regularly entered and confirmed, the defendant tendered four good pleas in bar, to which the plaintiff immediately put in replications tendering issues. The defendant refused to join in the issues, rejoin or demur. The court thereupon rejected the pleas of the defendant, and proceeded to judgment. Wyatt v. Woodlief, 1 Leigh 473.
Plea to Action on Injunction Bond. — This was an action of debt on an injunction bond in a penalty. The declaration stated that the injunction was dissolved whereby the action had accrued. A plea was filed, stating, “that the injunction was not dissolved unconditionally; but upon terms, that the plaintiff at law should execute a bond for securing the title to a tract of land,” but did not aver that such bond had not been given. This was a defective plea and should not have been received to set aside an office j udgment. Gray v. Campbell, 3 Munf. 251.
Conditions Performed. — In an action of debt upon a sheriff’s, official bond, the plea of conditions performed, properly pleaded, is an answer to the whole cause of action in the declaration mentioned, and controverts the plaintiff’s right to any recovery whatever. State v. Hays, 30 W. Va. 107, 3 S. E. Rep. 177.
Unchartered Banking Company. — To an action of debt on a note alleged to have been made and discounted by the plaintiffs in Virginia, but made payable at a bank out of the state, a plea that the plaintiffs are an unchartered banking company, issuing and circulating their own paper notes or bills as currency, contrary to law and public policy; and that they as a banking company discounted the said' note, contrary to law and public policy, sets up a good defense to the action. Hamtramck v. Selden, 12 Gratt. 28.
4. Nil Debet.
Plea of Nil Debet. — In an action of debt upon a negotiable note, the defence that the plaintiffs are not holders for value of the note, may be made under the plea of nil debet. Rant v. Miller, 17 Gratt. 47.
For a general discussion of what may be proved under the plea of nü debet, reference is made to 4 Min. Inst. (3rd Ed.) 770.
In the recent case of Richmond City & S. P. Ry. Co. v. Johnson, 90 Va. 775, 20 S. E. Rep. 148, it was held that in order to prove payments under the plea of nil debet, he must file with his plea such a descriptive account as is required by sec. 3298 of the Va. Code of 1887, citing 1 Bart. Law Pr. (2d Ed.) 492, 498.
Foreign Judgment — Nil Debet — Special Plea, — To an action of debt brought in Virginia upon a judgment entered in the District of Columbia, the defendants tendered a plea of nil debet, and a special plea, alleging that the said judgment was recovered on a bill of exchange given while in a state of intoxication for money won at gaming. The judgment of the court of the District of Columbia is a foreign judgment, the “full faith and credit” clause of the Constitution only applying to “States,” and the plea of nil debet is admissible, but the special plea should be rejected, as the defendant cannot bring into question the merits of the original judgment. Draper v. Gorman, 8 Leigh 628.
Improper Plea Set Aside. — An action of debt was brought in Virginia on a Marjdand judgment. The defendant pleaded no such record, on which issue was joined. He afterwards tendered a plea of nil debet, which was allowed, and issue was joined on it. At the next term as on general demurrer to the plea of nil debet, j udgment was entered for the plaintiff on both pleas. It was error to receive the improper plea of nil debet (Clarke v. Day, 2 Leigh 172), and the court might properly have corrected this by subsequently setting aside the issue and the plea. This was substantially done by entering a judgment as if there had been a demurrer. The proceedings were not reversed for the irregularity. Kemp v. Mundell, 9 Leigh 12.
Foreign Judgments — Plea of Nil Debet. — This was an action of debt brought in the state of Virginia on a judgment rendered in Kentucky. The Constitution and Acts of Congress of the United States have placed the judgments of the courts of other states, when sued on here, on the same ground and as having the same effect, as they would have if sued on in the state where they were obtained. The plea filed was nil debet, which assumes that the judgment is not conclusive evidence. Such judgment was affirmed on appeal to the Supreme Court of Kentucky, and was conclusive on the parties in that state. The plea was held bad. Clarke v. Day, 2 Leigh 172; Kemp v. Mundell, 9 Leigh 12.
Plea of Nil Debet — Apportionment of Rent. — In action of debt for rent, the defendant, on aplea of nil debet, may give in evidence any special circumstance showing that the rent ought to be apportioned. Newton v. Wilson, 3 H. & M. 470.
Accord and Satisfaction Hust Be Pleaded. — Several smaller promissory notes were given for a large one, and -suit was brought on the large one. The plea was nil debet. The smaller notes were held not to be a discharge, but at most an accord and satisfaction, which would have to be pleaded. It could not be admitted under the general issue. McGuire v. Gadsby, 3 Call 234.
5. Non Est Pactum.
Plea of Non Est Factum after Plea of Payment— Affidavit to Plea. — in an action of debt upon a single bill under seal, the defendant pleaded payment and the office judgment was set aside. On trial the defendant moved for leave to file the plea of non est factum, with affidavit annexed that said plea was true “to the best of the defendant’s knowledge and belief.” The lower court rejected the plea. The plea, being one which goes to the merits, should have been received, especially so, when it was not offered for the purpose of delay. An objection that the affidavit was not positive was not sustained. No-man can swear positively to legal inferences, and the words of the affidavit do-not render it defective Jackson v. Webster, 6 Munf. 462.
Non Est Factum — Execution—Fraud.—In an action of debt founded on a bond or other deed, the defendant may put in issue the execution of the instrument by pleading non est factum generally and in the common form. In a court of common law, fraud may be given in evidence to vacate a deed on the plea of non est factum, if such fraud relates to-the execution of the instrument; as the essential element of delivery. American, etc., Co. v. Burlack, 35 W. Va. 647, 14 S. E. Rep. 319.
. 6. PAYMENT.
Plea of Payment — Part of Debt Due. — When an action of debt was brought on a bond with a condition, which was made a part of the declaration by oyer, and that condition only showed that a part of the money secured was due at the time of the institution of the suit, the plea of payment put in by the defendant only extended to such sums, and not to those which afterwards became due. Thatcher v. Taylor, 3 Munf. 249.
Plea of Payment — Set-Off.—In an action*of debt-on *73 a bond, the defendant plead, as a set-off, the obligation of the plaintiff assigned to him by a third person, and also put in the general plea of payment. The writing when produced proved not to be an obligation, but a promissory note executed by the plaintiff. This was held to be evidence under the second plea of payment, but not under the first. Anderson v. Bullock, 4 Munf. 442.
Plea of Payment — When General Issue. — The plea of payment is responsive to the negation of nonpayment in the declaration. The act of assembly, by allowing a general plea of payment in all cases, with a right to prove all anterior payments, makes it a general issue in this country. Henderson v. Southall, 4 Call 371.
Condition Performed Equivalent to Payment. — The plea of condition performed, to an action of debt for money, is equivalent to the plea of payment. Defendant was not allowed to object to errors in pleadings which are for his benefit. Hammitt v. Bullett, 1 Call 567.
Misjoinder of Issue — Cured by Statute off Jeofails. — In an action of debt on bond, the defendant files as his plea, this, “that he has well and truly paid the debts in the declaration mentioned, and the statute of limitations; and of this he puts himself upon the country, and the plaintiff likewise, and issue was joined.” The pleas of the statute of limitations and payment should hare concluded with a verification, and issue could not have been joined upon them by adding a similiter, but only after replication. This was a misjoinder of issue and improper, but was cured after verdict by the statute of jeofails. Simmons v. Trumbo, 9 W. Va. 358.
7. Off Frauix
Action at Law — Special Plea of Fraud. — The action of debt was brought on a specialty, and the defendant sought to avoid it hy a plea, which stated that the bond had been obtained by fraudulent misrepresentations made by the plaintiffs. The circumstances relied on did not relate to the execution, only to the consideration of the bond. A specialty cannot be avoided in a court of law on this ground. Wyche v. Macklin, 2 Rand. 426. Since 1831 this rule has been changed by statutory provision. See Va. Code 1887, § 3299; Code of W. Va. ch. 126, § 5.
Plea of Misrepresentation — Estoppel—Waiver.—in an action of debt on bond, the defendant plead that it was obtained by false representations and suggestions by tft e plaintiff, “a,s per preamble in the said bond.” The plaintiff joined issue as to the fact, and the jury found against him. If there had been any estoppel to such plea it was thereby waived, and judgment ought to have been for the defendant. Chew v. Moffett, 6 Munf. 120.
In Tomlinson v. Mason, 6 Rand. 169, it was held to be immaterial in a plea to an action of debt on a bond, that the bond was obtained by fraud and covin, without saying whether the fraud was in the consideration of the bond or in its execution.
C. THE REPLICATION.
Special Replication — Repleader.—A^ bond was given with condition to perform an award to be made by certain arbitrators. In an action of debt on this bond, the condition was made a part of the record hy over, and the defendant pleaded “conditions performed.” The plaintiff may set forth the award, and aver a breach of condition, by a special replication, not having done so in his declaration. But if he neglect to do this, and reply generally, the judgment oughtto be arrested, after a verdict in his favor. The proceedings subsequent to the plea should be set aside, and a repleader awarded* Green v. Bailey, 5 Munf. 246.
Replication Defective in Setting Forth Condition of Bond. — In an action of debt on a bond in a penalty, with a condition for the payment of a less sum by installments, upon certain prescribed conditions, the plaintiff in his declaration claimed the penalty, but made no mention of the conditions. The defendant pleaded payment. The plaintiff in his replication set forth the condition of the bond, and averred non-payment of the sum mentioned in the condition at the times therein specified. This replication was held bad on general demurrer. Mitchell v. Thompson, 2 P. & H. 424.
Replication to Plea of Feme Covert. — In an action of debt on bond, the defendant pleaded in bar that she was, at the time of executing the bond and yet remained, a feme covert. The replication of the plaintiff was, that the defendant’s husband had abjured the commonwealth and was not then or now a citizen thereof. To this replication a general demurrer was filed and the replication was held to be wholly defective. If it was intended that the common-law abjuration of the realm was to be relied upon, that never existed here. If it was intended that the expatriation of the husband under onr statute was to be relied upon, it should have been shown how he expatriated himself, by a recorded declaration by deed, or in open court and that he had departed from the commonwealth* Even this would not have been sufficient, without the further allegation that he resided abroad at the time of the execution of the bond by his wife. The replication was held defective. Branch v. Bowman, 2 Leigh 170.
Peremptory Judgment — When Rendered on Plea.— If in an action of debt against an heir, he pleads “no assets by descent, nor at the time the writ; issued, nor at any time since, except a tract of 107 acres of land ;” and issue is joined on the replication, that he had sufficient other lands by descent ; and the jury find for the plaintiff, peremptory judgment will be rendered thereon. Cohoons v. Purdie, 3 Call 431.
Defective Replication — Repleader Awarded. — In an action of debt against the executors of one obligor, on a bond given by the testator and one John Pat-tie, the defendant, without taking over, pleaded in bar, “that the said John Thornton was jointly bound with a certain John Pattie, and the said John Pattie survived him.” To this plea the replication was “that it is not expressed in the bond that the said John Thornton was jointly bound with the said John Pattie, as alleged in the plea, and if they were j ointly bound, that by Act of 1786 it is declared that the representative of one jointly bound with another, may be sued as well as the surviving obligor himself. ” The plea was held good, the replication faulty and a repleader awarded. Stevens v. Taliaferro, 1 Wash. 155.
Plea of Payment — General Replication. — An action of debt was brought against the defendant on a note, The defendant plead payment, to which plea a general replication was filed, and issue joined. At the trial the defendant moved for an amendment to set aside the proceedings subsequent to the replication, and proved that issue was joined by the clerk without his consent and against his wish. The general replication to the plea of payment did not constitute - an issue. The defendant should have been permitted to prove that the similiter entered was against his consent. The proceedings should have been cor *74 rected by giving him a rule to take other measures to the replication. Nadenbousch v. McRea, Gilmer m
For statutory provisions regarding the similiter, see Va. Code 1887, §§ 3268, 3449 ; Code of W. Va., ch. 125, § 25; ch. 34, § 3.
V. VERDICT.
A. WHEN VALID.
Aggregate of Principal and Interest. — In an action of debt upon a bond, with a penalty, for the payment of money, the jury may make their verdict of the aggregate of principal and interest. The defendant will not be allowed to appeal for that cause, since that mode of finding the verdict was for his benefit. Smith v. Harmanson, 1 Wash. 6.
Verdict for Erroneous Sum — When Immaterial. — In an action of debt on a judgment for a certain sum, to be discharged by a lesser, when the declaration demands a wrong sum, a verdict which finds an erroneous sum, “that being the debt in the declaration mentioned,” is substantially good, the sum being surplusage, and the conclusion of the verdict being, of itself, sufficient to show the real sum demanded. Roane v. Drummond, 6 Rand. 182.
Above Amount Claimed in Declaration. — In an action of debt on a bond with a collateral condition, the penalty is that for which the plaintiff sues, and any sum given below that is within the sum declared for. The jury may assess damages beyond those laid in the declaration. Payne v. Ellzey, 2 Wash. 134; Johnstons v. Meriwether, 3 Call 523; Winslow v. Com., 2 H. & M. 459.
Against Part of Obligors. — In an action of debt on a bond against five obligors, the sixth was omitted ; it appeared from the declaration that the former were securities for him. It was not alleged that he had sealed the bond, and no plea in abatement having been filed, the court gave verdict for the plaintiff. The presumption was that the unnamed obligor was dead, although not so stated in the declaration, and the judgment will be sustained. Winslow v. Com., 2 H. & M. 459.
Sufficiently Certain. — A verdict and judgment for a debt claimed in the declaration with interest, subject to a credit for a specified sum, paid at a specified date, is certain enough. Barrett v. Wills, 4 Leigh 114, 26 Am. Dec. 315.
Plea of Fraud — Sufficient Verdict. — In an action of debt issue was joined on a plea that the bond which was sued upon was obtained by fraud. A verdict “for the defendant, because the jury believed the bond was obtained by fraudulent means” was held to be sufficiently positive and certain. Chew v. Moffett, 6 Munf. 120.
Bond for Tobacco with Pecuniary Penalty. — A executes a writing obligatory to B for the payment of tobacco, under a pecuniary penalty, with a condition annexed, that it shall be void if G shall pay the tobacco, or its value to A. In an action of debt brought on this writing the declaration assigns a breach of the condition, and the defendant pleads payment. The verdict and judgment ought to be for the penalty, to be discharged by payment, not of the tobacco with interest thereupon, but of damages, for breach of the condition. Overstreet v. Marshall, 1 H. & M. 381.
B. WHEN DEFECTIVE.
Verdict on “Fully Administered” — Insufficient.—In an ’ action of debt on bonds brought by the executor of the creditor against the administrator of the debtor, issues were joined on the pleas of payment and fully administered.. Verdict was given for the plaintiff on the first issue, and on the last, “that assets more than sufficient to pay the debt came to the defendant's hands tobe administered.” Gakb, J., reviewed the cases cited and said; “It seems clear to me, from the whole tenor of these decisions, and the reason on which they stand, that the verdict before us must be pronounced insufficient. All the cases decide substantially, I think, that it must appear from the verdict, that at the institution of the action, there were in the hands of the representative, assets not bound by superior claims, sufficient to discharge the debt due the plaintiff; or if not sufficient, that the amount of such assets must be found. Here it is found that assets more than enough to pay the debt came to the defendant’s hands; but whether he had them at the institution of this suit; or whether before he had not properly disbursed them, or whether if he still held them, they were not bound by prior judgments, does not appear. There is therefore, all that uncertainty and insufficiency, for which in the other cases, the verdicts were set aside; and I think this must share the same fate.” Sturdivant v. Raines, 1 Leigh 481.
Verdict against Administratrix Insufficient — Judgment de Bonis Testatoris. — An action of debt was brought against an administratrix on a bond of her intestate. The defendant plead fully administered. A verdict was given in general terms that the defendant had not fully administered, and judgment thereupon for the debt was demanded to be levied de bonis testatoris. The verdict was held insufficient to warrant the judgment. Brizendine v. Tisdale, 5 Leigh 81.
Against Survivor. — Where an action of debt was brought against two persons on a bond executed by both and it abated as to one by his death, a verdict which only found that the surviving defendant had not paid the debt, is bad in that it does not negative the payment of the money by the deceased defendant. Triplett v. Micou, 1 Rand. 269.
Defective Verdict on Plea of Payment. — An action of debt was brought against the appellant upon a bond of his testator. Issue was joined on the pleas of payment and fully administered, and the jury found “for the defendant, he having fully administered all the assets which came to his hands.” This verdict was held defective in not being responsive to the issue joined on the plea of payment, and the judgment will be reversed by the appellate court, although no objection was taken in thecourtbelow; and a venire facias denovo will be directed as to both thé issues. Brown V. Hendersons, 4 Munf. 492.
Defective Verdict on Plea of “No Assets.” — On the plea of “no assets” to an action of debt brought against the administrators of their intestate, a verdict which found that the administrator had in his hands assets belonging to the estate of his intestate, without saying of what amount, was held defective and anew trial directed. Eppes v. Smith, 4 Munf. 466.
Insufficient Verdict on Plea of Plene Administravit.— The defendant to an action of debt brought upon a bond given by the testator, pleaded a specialisms administravit, and that he hath not, nor had any goods except to a certain value, which were not sufficient to satisfy the judgments mentioned in the plea. To this special plea a replication was filed that the defendant hath, and had goods more than sufficient to satisfy the said judgments, whereof he could have satisfied the plaintiff. The verdict was “for the debt in the declaration mentioned.” This was in *75 sufficient; the verdict should have found that the defendant had goods more than sufficient to satisfy the judgments, whereof he could have satisfied the plaintiff, or the value of the assets, if they were not sufficient. Booth v. Armstrong, 2 Wash. 301.
An action of debt was brought against an administrator on a penal bill, said to have been executed by the testator in his lifetime. Among other pleas the defendant filed the plea of fully administered. The jury found a verdict “that the writing obligatory in the declaration mentioned, is the deed of the defendant's intestate; that the debt in the declaration mentioned hath not been paid, and that assets sufficient hath come to the hands of the administrator to pay the same: that he hath not fully administered the said assets.” The court gave judgment for the amount of the penalty in the declaration mentioned. On appeal the court held that the verdict in this case was clearly insufficient in respect to the plea of fully administered. A verdict upon that plea should have ascertained the amount of the assets in the hands of the defendant at the commencement of the suit, and at the time of the plea pleaded, to enable the court to pronounce the proper judgment. It ought not only to have found the amount of assets in the hands of the defendants at the commencement of the suit or that they were sufficient to pay the plaintiff's demands; but also the amount in his hands at the time of pleading, or that they were sufficient to pay the plaintiff’s demands; since the defendant might have received or duly disbursed assets between the commencement of the action and the time of pleading. The verdict should also have found the time when the assets came to the defendant’s hands. For these reasons the judgment was reversed, the verdict set aside and a new trial awarded. Gardner v. Vidal, 6 Rand. 106.
VI. THE JUDGMENT.
A. WHEN SUFFICIENT.
Bond for Payment of Debt by Instalments. — A judgment to an action of debt on a bond, for the payment of a debt by instalments, should be, “for the debt in the declaration mentioned, to be discharged by the sum due at the time of the institution of the suit; reserving liberty to the plaintiff to resort to a scire facias to recover such other damages as might thereafter arise under the condition of the bond. Thatcher v. Taylor, 3 Munf. 219. See Code of Va. 1887, § 3394.
Judgment Beneficial to Defendant Will Not Be Reversed at His Instance. — A bond was given for making a title to a tract of land, and an action of debt was brought thereon. The defendant plead “covenants performed. ” Verdict and judgment were rendered for damages for non-performance, but said nothing of the penalty of the bond. Such judgment should not be reversed at the instance of the defendant. as such irregularity cannot be injurious to him, because the true ground of action appears by the declaration, and the satisfaction thereby demanded extending to the whole injury, the action can in no form be repeated. Pate v. Spotts. 6 Munf. 394.
Judgment on Bond Conditioned — Surplusage.—in an ,1 action of debt for rent, the verdict was for a certain sum, the debt in the declaration mentioned, and for a certain sum as damages. Judgment for the same to be discharged by the payment of a different sum. This latter sum is no part of the j judgment, but is merely surplusage and is to be considered as a release of the difference. Ross v. Gill, 1 Wash. 87.
Against an Administrator — Estoppel.—if a judgment be rendered against an administrator for a debt of his intestate, and after his death, an action of debt, suggesting a devastavit to have been committed by him in his lifetime, be brought against his administrator, such defendant is estopped by the judgment from pleading that no assets of the estate of the original intestate ever came to the hands of the administrator. Eppes v. Smith, 4 Munf. 466.
Joint Judgment — Where One Hade Default and Other Pleaded. — A joint promissory note was given by M and P. An action of debt was brought on this, and judgment by default was entered against M. P appeared and pleaded nil debet, and verdict was given against him. There should be given one an d the same j oint j u dgment against both. Peasley v. Boatwright, 2 Leigh 195.
On Note of Executor for Debt of Testator. — The executor of the intestate executed his note as executor for a debt of his testator. An action of debt was brought on this note, and he was declared against as executor. The count was in the debet and detinet, and the breach was laid in his failure to pay. Upon a judgment by default; Quaere, If it should be de bonis testatoris or de bonis propriis. If it was error to enter judgment de bonis propriis, it was a clerical error, which should be amended on motion, and was no ground for an appeal. Snead v. Coleman, 7 Gratt. 300, 56 Am. Dec. 112.
Judgment on Bond in Penalty and Condition in Same Sum. — The penalty and condition of a bond for the payment of money is in the same sum, and it is proper to treat it as a single bill. Proper judgment on such a bond in an action of debt is for the amount of the bond with interest from time of payment. Fleming v. Toler, 7 Gratt. 310.
Separate Judgments Separately Confessed. — The administratrix and other defendant gave separate confessions of judgment to an action of debt against them, where the suit had been revived against the administratrix. It was not error to enter separate judgments against each. Richardson v. Jones, 12 Gratt. 53.
Verdict for “Amount Named in Declaration” — Judg=> men! Including Interest Valid. — The verdict in an action of debt on a protested inland bill of exchange was simply for “the amount of the debt in the declaration mentioned,” which, as stated in the declaration, was “the sum of $1,102.60, with interest thereon from the 14th of October, 1890, until paid,” and there was judgment accordingly, with costs. § 2853 of the Va. Code provides that in a case of this sort judgment may be given “for the principal and charges of protest, with interest thereon from the date of such protest.” The legal effect of the verdict was a finding for the principal sum mentioned in the declaration, with interest, as therein claimed; so that the judgment is in conformity both with the verdict and the statute. Lake v. Tyree, 90 Va. 719, 19 S. E. Rep. 787.
It was held in Metcalfe v. Battaile, Gilmer 191, that a negotiable note as to the indorser, was not a note for the payment of money within the meaning of the Act of 1804, ch. 8, and that therefore neither interest, nor final judgment for the principal sum, could be given upon it in an action of debt without the intervention of a jury, as could have been done if it had come within that act, as was decided by the cases of Wallace v. Baker, 2 Munf. 334, and Baird v. Peter, 4 Munf. 76.
A judgment which has been entered upon nil dicit or non sum inforrnatus, to an action of debt upon a *76 bill penal, which omits to mention interest, ought not to be reversed because it was entered as in conformity with the bill penal, and was to be discharged by the payment of principal, roith such interest and costs. Harper v. Smith; 6 Munf. 389.
Judgment Confessed for Interest on a Declaration Which Omitted It Is Valid. — The declaration in debt against joint obligors on a single bill was in the usual form, but said nothing about interest. A common order was entered and confirmed against the obligors and their appearance bail. On motion of the appearance bail at the next term this was set aside and he pleaded payment; buthe subsequently waived his plea and acknowledged the debt, with interest. Judgment was properly entered against the principal, as well as the bail. Wallace v. Baker, 2 Munf. 334. Decision was based on Act of 1805, and the case was distinguished from Brooke v. Gordon, 2 Call 212. Approved in Baird v. Peter, 4 Munf. 76.
On Injunction Bond with Condition. — The declaration in an action of debt brought upon an injunction bond demanded the aggregate of all the injunction bonds named, where there were several counts, and there were apparently several bonds. The bond was for $940, to be discharged by the payment of the damages assessed by the jury, the judgment was entered up in the old form for $940, the penalty of the bond to be discharged by the payment of $920.76, the damages assessed by the jury. The Code of W. Va., ch. 181, § 17, says that in such suits “judgmentshallbe enteredup for what is so ascertained to be due by the jury.” If this statute was regarded as requiring, not simply permitting, the judgment to be entered in this new form, the defendant would not be prejudiced by the old form, the judgment would not be reversed for such error, if any. Bank v. Fleshman, 22 W. Va. 317.
Penalty in Current Money, Condition in Sterling.— The penalty of a bond was in current money, with condition to pay so much sterling money. After verdict for the plaintiff in an action of debt upon the bond, the judgment should be for the current money mentioned in the penal part of the bond, to be discharged by the sterling money in the condition. Terrell v. Ladd, 2 Wash. 150.
Against a Convict — Process Served before Sentence. —The process to institute an action of debt was served upon the defendant on the day on which he was convicted of a felony, but before sentence was pronounced. The court under these circumstances fairly acquired jurisdiction of the cause andparties, which continued notwithstanding the subsequent disability of the defendant. The utmost that could have been exacted of the plaintiff was a suspension of all proceedings until the disability was removed, or the appointment of a committee to defend the suit for the convict. The plaintiff did not pursue either course, but prosecuted the suit to a judgment. If this be conceded to be an error, it was not such an error as would invalidate the judgment-for the reason that jurisdiction having been once properly acquired over the person and the subject matter of controversy, no error in its exercise or irregularity in 'the proceedings can make the judgment void. The authority to decide being once shown, it can never be divested by being improperly or erroneously employed. The fact that the judgment was by default does not affect this principle, for whether the judgmentbe the act of the court or be entered up by the clerk under the statute, the effect is the same. In either case ibis the act of law and until reversed by the court which rendered it or by a superior tribunal, it imports absolute-verity, and is as effectual and binding as if pronounced upon a trial of the merits. The judgment cannot be collaterally assailed in a court of equity or elsewhere, and is valid until reversed by the court which pronounced it or by a superior tribunal. Neale v. Utz, 75 Va. 480.
Judgment “When Assets.” — Where an executor has confessed judgment in favor of the creditors of his intestate, “when assets” or “if assets," and an action of debt has been brought thereon, the executor pleaded plene administraron. The issue was found for the executor, but the plaintiff may take another judgment “when assets.” Braxton v. Wood, 4 Gratt. 25.
Judgment Quando Acclderint — Statute of Limitations. —When a plaintiff in an action against an executor or administrator takes judgment of assets guando acciderint, it is well settled that he cannot at any future time proceed to execution on the judgment, without first suing out a scire facias to state that assets have come to hand, and to warn the defendant, should he be able to allege anything against such execution. These judgments are not barred by the statute, until the lapse of that period after assets'have come in the hands of the executor or administrator, and not from the date of the judgment. Smith v. Charlton, 7 Gratt. 425.
B. WHEN INSUFFICIENT.
Sheriff’s Bond. — In an action of debt upon a sheriff’s bond in the name of the commonwealth', for the benefit of a person aggrieved by the misconduct of the sheriff, the judgment should be entered for the penalty, to be discharged by the payment of the-damages assessed and costs, “and such other damages as may be hereafter assessed upon suing out a scire facias, and assigning new breaches, by the said C or any other person or persons injured.” It was error in the judgment, in attaching the recovery to C as to future injuries, excluding all others. Bibb v. Cauthorne, 1 Wash. 91.
Bond Subject to Credit — Writ of Inqüiry. — A judgment ought not to be entered in an action of debt on a bond for a sum of money, “subject to a credit for a hogshead of tobacco,” without ascertaining its value. The amount of such credit should, in the first place, be ascertained by a writ of inquiry, and judgment should be entered for the balance. Early v. Moore, 4 Munf. 262.
If the jury find a verdict for the amount mentioned in the declaration in an action of debt, and the plaintiff, in court, release so much thereof as is equal to the credits endorsed on the bond, judgment ought not to be rendered, to be discharged by the payment of the sum stated in the condition of the bond, subj ect to a deduction of the credits endorsed. Such deduction ought to be made, and judgment rendered for the real balance due. Grays v. Hines, 4 Munf. 437.
On Pleadings — No Bar. — A judgment for the defendant to an action of debt on a bond, which was given upon the pleadings, does not go to the foundation of the action, and is no bar to the plaintiff’s bringing another action for the same cause. Lane v. Harrison, 6 Munf. 573.
Judgment upon All the Pleadings'Erroneous, If They Do Not Go to Foundation of Action. — In an action of debt on the bond of a deputy sheriff, with a collateral condition, the defendant filed, among others, the plea of conditions performed. The plaintiff by replication to this plea charged the breach defectively, but fully avoided by other replications the *77 other pleas of the defendant, which went to the foundation of the action, to which replication demurrers were improperly filed. A judgment entered for the defendant generally upon all the pleadings was erroneous, as it barred any future action on the bond. Tt should be limited to the replication of the plaintiff to the plea of conditions performed. Lane v. Harrison, 6 Munf. 573.
Judgment on Declaration Blank as to Sums, etc., Erroneous. — The assignee of the obligee brought suit against the obligor in a bond. The writ was in debt, and the declaration was also in debt, but was blank as to the sum declared for, the date of the bond, the assignment to the plaintiff, and as to the damage. A judgment entered thereon was held erroneous and reversed in Blane v. Sansum, 2 pall 495.
Office Judgment without Writ of Enquiry. — In an action of debt on a decree for money, a conditional judgment was entered in the office, without awarding a writ of enquiry of damages, and the judgment not being set aside, became final at the next term, and execution was sued out on the judgment. At the ensuing term the judgment was set aside as irregularly entered, and defendants were given leave to plead. It was held error to enter judgment in the office without awarding an enquiry of damages, that this was a clerical error, which was properly corrected at a subsequent term. Shelton v. Welsh, 7 Leigh 175.
Judgment for Interest Not Demanded in Declaration Invalid. — If the plaintiff does not demand interest in his declaration in debt on a promissory note, and the defendant waives his plea of payment, judgment cannot be given for the interest on the note, not claimed in the declaration. Brooke v. Gordon, 2 Call 212.
On Debt Due in Sterling Money. — On an action of debt brought upon a protested bill of exchange, drawn for sterling money, if the declaration is for the current money •calm of the sum for which the bill was drawn, the judgment, being for the sum so demanded, will be reversed on .a writ of error. The suit should have been for the sterling money. Scott v. Call, 1 Wash. 115.
A sterling debt may be sued for without laying the value in current money; if it be laid it is merely surplusage, and will not vitiate; but in such case, the damages should he laid in sterling money; the verdict and judgment should be for sterling money, and the court Is to fix the rate of exchange. Skipwith v. Baird, 2 Wash. 165.
Judgment Exceeds Penalty — Defendant Elects. — The judgment is always entered for the penalty, in an action of debt on a bond with collateral condition, to be discharged by the principal and interest, and if that exceed the penally, the defendant has his election, and may satisfy it by paying the penalty. Atwell v. Towles, 1. Munf. 175.
No Breach Assigned on Administration Bond. — In a suit on an administration bond, if no breach of the condition of the bond be stated in "the declaration, or by an assignment of breaches in some other part of the record, a judgment upon it is erroneous, and must be reversed. Ward v. Fairfax, 4 Munf. 494.