ABUON, P.
This is an action of debt against the maker and endorsers of a promissory note, dated at Shepherdstown, Virginia, on the 31st of December 1851, and negotiable and payable at the Bank of the Metropolis, Washington, D. C. The declaration is in the usual form, averring the making of the note and the endorsement to the plaintiffs below, at the county of Jefferson, Virginia.
On setting aside the office judgment, two special pleas were filed, which being received, the plaintiffs below demurred generally ; and the demurrer being sustained, judgment was rendered against the defendants below for the debt. To this judgment a supersedeas has been awarded; and the sole question is, whether the pleas, or either of them, presented a substantial defense to the action.
The first plea avers that at the time of the making and delivery to them of the note in the declaration mentioned, the plaintiffs were an unebartered banking *476 company, issuing- and circulating their own paper notes or bills as currency, contrary to law and public *policy; and that they, as a banking company, discounted said note contrary to law.and public policy.
The second plea avers that the consideration of the note in writing, in the declaration mentioned, was the bank paper of the plaintiffs, unlawfully issued by them as currency, they being an unchartered banking company.
The Code, p. 314,' ch. 60, ? 1, 2, provides that no association or company, other than a bank or banking company governed by the 58th chapter, shall issue, with intent that the same be circulated as currency, any note, bill, of other paper or thing, or otherwise deal, trade or carry on business as a bank of circulation. All contracts made for forming any such association shall be void. The 2nd section avoids all contracts and securities that may originate from, or be made or obtained in -whole or in part by, means of any such dealing, trade or business.
The first plea avers that the plaintiffs were an unchartered banking company, issuing and circulating their own paper notes or bills as currency, contrary to law and public policy; and that as a banking company they discounted the note sued on. The plea pursues the terms of the law, and avers the plaintiffs were an unlawful association, doing what the law prohibited; and that as such unlawful association, they discounted the note sued on. The note made or obtained by means of such dealing, trade or business, is, by the 2nd section, declared to be void.
And so by the second plea, the consideration of the note sued on is averred to have been the bank paper of the plaintiffs, unlawfully issued by them as currency, they being an unchartered banking company; thus showing that the contract originated from, and the note was obtained by, means of bank paper issued by them against law.
It is argued that although the law of Virginia may avoid such a contract if the transaction occurs within *the state, yet the pleas in this case were defective, and the demurrer was properly sustained, because it does not appear from any averment in the plea, that the plaintiffs were an association organized in Virginia, or organized elsewhere, and circulating unlawful currency in Virginia; and that for anything appearing on the face of the pleas, the transaction may have occurred in the District of Columbia and may have been authorized by the laws in force there.
The declaration avers the making of the note in Virginia, and that the endorsement bj' which the plaintiffs acquired title, was made in Virginia. And the title acquired by such making and endorsement is, by the second plea, averred to have been in consideration of their notes, unlawfully issued by them as currency. The promissory note is made payable and negotiable at the Bank of the Metropolis in the District of Columbia, but that circumstance does not justify the inference that the plaintiffs may not have had their place of business in Virginia, and dealt for the note in Virginia; or that having their place of business out of Virginia, this transaction could not have been performed by them or their agent in Virginia. If it occurred out of Virginia, it was incumbent on them to have shown it by replication. It was enough for the defendants to show by their pleas that the transaction, as set forth in the declaration, was void by the laws of the state, the tribunals of which were invoked to enforce it. If the transaction was to be controlled and governed by the law of another country where it was lawful, the matter should appear by replications to the pleas; or the parties by proper pleadings could have raised the question adverted to in the argument, whether the courts of Virginia would enforce the penal laws of another state in regard to such a transaction, supposing it to be controlled by the law of such state: Upon the pleadings in the record these questions do not arise.
*It is further maintained that the pleas are defective for not concluding against the form of the statute. That the defense in founded on a penal statute, and should be assimilated to a declaration in a qui tarn action for a penalty, where it has been held that the declaration must contain such averment. However this may be at common law, the omission is rather one of form than substance. Certainly the averment omitted is not so essential to the defense that judgment according to law and the very right of the cause cannot be given. The pleas aver all the facts which by law constitute a full defense to the action; and the statute being a public statute, the court must judicially take notice of it. In qui tarn actions the same technicality was required as in indictments founded on such statutes; and hence the necessity of averring the act to be against the form of the statute. But this is now no longer required in indictments. The Code, p. 770, ch. 207, § 11, provides that no indictment shall be quashed, or deemed invalid, for omitting to charge the offense to be against the form of the statute: showing that the averment even in indictments was merely formal. I think the court erred in sustaining the general demurrer to the pleas filed, and that the judgment should be reversed. And under the authority of Creel v. Brown, 1 Rob. R. 265, Strange v. Floyd, 9 Gratt. 474, and other cases in this court, the cause should be remanded with instructions to overrule the demurrer, and render judgment for the defendants below on their pleas, unless the plaintiffs below should ask leave to withdraw their demurrer and reply; which, if asked for, should be granted.
MONCURP and SAMUPPS, Js., concurred in the opinion of Allen, P.
Judgment reversed, and cause remanded.