Burks, J.,
delivered the opinion of the court.
Section 19 of the act establishing a uniform system of bankruptcy throughout the United States, approved March 7th, 1867, (14 Stat. at Large, ch. 176, p. 517, Revised Statutes of United States, § 5067), declares what debts and claims are provable against the estate of the bankrupt in the bankruptcy proceedings under that act. Section 32 of the same act, (Rev. Stat. U. States, §§ 5114, 5115), provides for the discharge of the bankrupt and a certificate of discharge “from all debts and claims which by said act are made provable against his estate, and which existed on the day on which the petition for adjudication was filed by (or against) him; excepting such debts, if any, a.s are by said act excepted from the operation of a discharge in bankruptcy.”
1 The debts “excepted from the operation of the discharge” are described in section 33 of the same act, (Rev. Stat. U. States, § 5117), which enacts “that no debt created by the fraud of the bankrupt, or by his defalcation as a pubbc officer, or while acting in a fiduciary • character, shall be discharged under this act; but the debt may be proved, and the dividend thereon shall be a payment on account of said debt.”
*The debts excepted from discharge by the. bankrupt act of 1841 were, by the first section of that act, described as “debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.”
This section of the act of 1841, as far as it relates to debts of a fidudary nature, was construed by the supreme court of the United States in the case, of Chapman v. Forsyth, 2 How. U. S. R. 202. One of the questions considered by the court in that case was, whether a factor, who retained the money of his principal, was a fiduciary debtor within the meaning of the act; and it was decided that he was not. Mr. Justice McLean, in the opinion of the court delivered by him, says: “If the act embrace such a debt, it will be difficult to limit its application. It must include all debts arising from agencies, and, indeed, all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the first section of the act. The cases enumerated, ‘the defalcation of a public officer,’ ‘executor,’ ‘administrator,’ ^guardian,’ ‘or trustee,’ are not cases of implied but special trusts, and the ‘other' fiduciary capacity’ mentioned must mean the same class of trusts, and not those which the law implies from the contract. A factor, therefore, is not within the act.”
This reasoning of the learned justice is strongly persuasive that the act of 1867, although more general in its terms than the act of 1841, should receive the same construction; *and it has been accordingly held in Massachusetts that the meaning of the phrase “fiduciary capacity” having been ascertained and declared by a judicial construction of the act of 1841, is affixed to the general term, and that this definition is carried into the new statute, (1867). Cronan v. Cotting, 104 Mass. R. 245.
It is not necessary, however, in the case before us, to decide, and we do not decide, whether this construction of the act of 1867 be the correct one or not, for we are all of opinion that under no reasonable construction which can be given to that act is the debt claimed in this case a fiduciary debt.
There can be no doubt that the debt which *435 the guardian owed to his ward was a fiduciary debt within the meaning of the act, and if it had been unpaid at the_ time of the commencement of the proceedings in bankruptcy by the guardian, it would not have been affected by his discharge. But it was not unpaid at that time. It had been fully paid to the ward, and the guardian discharged from any and all liability to the ward for it. True it is, his surety paid it for him. This matters not. As soon as the debt was paid to the fiduciary creditor the guardian ceased to be a fiduciary debtor. He became at once debtor by simple contract to the surety; not debtor as guardian, but in his individual character. There is no fiduciary relation (of necessity) between principal and surety. Carr, J., in Blow v. Maynard, 2 Leigh, 41.
When the surety becomes liable for the principal at his request, there is an implied promise on the part of the latter to repay the surety any money which he may be compelled to pay for the principal on account of such liability. For the recovery of the money so paid, and when paid, the surety has his remedy by action at law, and, under some circumstances, by bill in equity.
Among his equitable remedies is that of subrogation to the securities *of the creditor, to whom he has paid the debt. These, though extinguished at law by the payment made by the surety, are generally revived in equity for the surety, and may there, by him, be enforced for his indemnity. But it is not every security which may be thus revived and enforced. A bond on which principal and surety are both bound, once paid by the surety in the lifetime of the principal without assignment by the creditor, or agreement to assign, is forever dead as a security as well in equity as at law. There can be no subrogation in such a case. Powell’s ex’ors v. White & others, 11 Leigh, 309, 334; Kendrick & al. v. Forney, 22 Gratt. 748.
It is plain enough from the pleadings and proofs in this case, that the idebt in suit was a debt provable against the bankrupt’s estate; was not a debt created by the bankrupt “while acting in a fiduciary character,” and therefore not excepted from the operation of the bankrupt’s discharge. It follows that the plaintiff’s special replication to the defendant’s plea of discharge was not sufficient in law, and the court is therefore of opinion that the circuit court erred in overruling instead of sustaining the demurrer of the defendant to said replication.
From what has been said it is manifest that the said circuit court further erred in the giving and refusing instructions to the jury, and in overruling the defendant’s motion for a new trial. The instructions given should have been refused, and those asked for by the defendant, which were refused, should have been given, except the latter part of the third instruction commencing with the words, “if the jury believe from the evidence that J. F. Richie,” &c., and ending with said instructions. This part should have been excluded, and the residue ' of the defendant’s instructions should have been given as asked for.
On the defendant’s motion the verdict of the jury should have been set aside and a new trial awarded.
*The court is of opinion that for these errors the judgment of the circuit court should be reversed, the verdict of the jury set aside and a new trial granted; and on the authority of Hamtramck v. Selden, Withers & Co., 12 Gratt. 28; Strange v. Floyd, 9 Gratt. 474, and other cases, and according to the settled practice of this court, the cause should be remanded to the circuit court with directions to sustain the demurrer to the plaintiff’s replication, and render judgment thereon for the defendant, unless the plaintiff withdraws his said replication, which he should have liberty to do, if he asks it, and file a sufficient replication in its stead.
The judgment was as follows:
This cause, which is pending in this court at its place of session at Staunton, having been fully argued, but not determined at its said place of session, this day came here the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is' of opinion, for reasons stated in writing and filed with the record, that the special replication filed by the plaintiff to the defendant’s plea of discharge under the bankrupt law of the United States, is not sufficient in law, and that the said circuit court erred in overruling, instead of sustaining, as it should have done, the demurrer of the defendant to the said replication.
The court is further of opinion, that the instructions asked for by the defendant should have been g'ven to the jury as asked for, except the latter part of the third of said instructions, commencing with the words, “if the jury believe from the evidence that J. F. Ritchie,” &c., and ending with said third instruction, which said latter part *of said instruction should not have been given; and that the instructions which were given by said circuit court to the jury should have been refused; and that the said circuit court erred in giving the last mentioned instructions, and in refusing to give the said instructions asked for by the defendant, except the latter aforesaid of the third exception.
The court is further of opinion, that the verdict of the jury was contrary to the law and the evidence in the cause, and that the said circuit court erred in overruling the motion of the defendant to set aside said verdict and grant him a new trial.
It is therefore considered that the said judgment be reversed and annulled, the verdict of the jury and all the proceedings in the cause, subsequent to the demurrer of the defendant to the plaintiff’s special replication aforesaid, be set aside and a new trial awarded; and that the defendants in error, out of the estate of their intestate in their hands to be administered, pay to the plaintiff in error his costs by him expended in the *436 prosecution of the writ of error aforesaid •here. And on the authority of the cases of Hamtramck v. Selden, Withers & Co., 12 Gratt. 28; Strange v. Floyd, 9 Gratt. 474, and other cases; and according to the settled practice of this court, this cause is remanded to the said circuit court with directions to said court to sustain the demurrer of the defendant to the plaintiff’s special replication aforesaid, and render judgment thereon for the defendant, unless the plaintiff withdraw his said replication, which he should be allowed to do, if he ask it, and file a sufficient replication in its stead; and upon the filing of such sufficient replication, if any such be filed, and issue joined thereon, that such issue and any other issues joined in said, cause be tried in said circuit court, and the cause be otherwise proceeded *in in conformity with the opinion and principles hereinbefore expressed and declared; which is ordered to be certified to the said circuit court of Rocking-ham county.
Judgment reversed.